Lipscomb, J.
The petition in this ease was filed by John W. Harris, Esq., Attorney General, in behalf of the State. It represents that an association and a company of individuals, consisting of Samuel M. "Williams, J. W. McMil-len, J. N. Reynolds. Jesse J. Davis, Jacob L. Briggs, Michael B. Menard, George Ball, and I-Ienry Hubbell, all of the county of Galveston, “ have, from *132 and after the 1st day of May, eighteen hundred and forty-eight, until the 2d day of June in the said year, that is to say, for (lie space of one month next from and after the said'first day of May, 1848, kept their office and exercised banking privileges in said county and State without authority of law, and have been thereby guilty of a misdemeanor, and are liable to line of livo thousand dollars.'’
It further represents that Samuel M. Williams is and was the president and a director of tiie said association and company; that the said j. W. McMillan is and was the cashier and a director thereof, and that the residue of the above-named defendants are and were the directors thereof, and that the said Williams and McMillen, and other named defendants, continued to be and to act in their capacities aforesaid from and after tiie first day of May to the second day of June aforesaid. It prays for process and judgment.
Tiie citation was waived; and tiie defendants answered, first, a general denial of the petition; and secondly, answered, citing special matters as a justification in law.
The. attorney general filed a general demurrer, on which the court below gave judgment in favor of the defendants; from which the State appealed.
It is contended for and in behalf of the, State; that the court below erred in giving judgment for the defendant, when its judgment ought to have been for the State, and a reversal is asked.
The statute under which the proceedings in this case were had is in tiie following words, i. e., “That any corporation, company, or association of individuals who shall use or exercise hanking or discounting' privileges in this State, or who shall issue any bill, cheek, promissory note,'or other paper in this State to circulate as money, without authority of law, shall be, deemed guilty of a misdemeanor, and shall be liable to a fine of not less Ilian two thousand dollars nor more than five thousand dollars, which may be recovered by a suit in the District Court in the name of the State.” The 4th section of the act enacts that each and every mouth that any corporation, company, or association of individuals shall use or exercise banking or discounting privileges in (iiis State without authority of law, shall be deemed a separate offense, as defined in the first section of this act; and each and every bill, check, promissory note, or other paper issued by any corporation, company, or association of individuals in this State to circulate as money, without authority of law, shall also be deemed a separate offense, as defined in the first section.” (Hart. Dig., arts. 87, 00.)
The ollense on which the petition was filed is defined in the first section, and tiie penalty is sought to be enforced for exercising banking or discounting privileges for one month as provided for by the first clause of the 4th section of the act cited above.
The validity of the legal defense claimed by the second plea of the defendants has been elaborately and ably discussed by the counsel on both sides ; but as other grounds have been presented for onr consideration in support of the judgment of the court below by the counsel for the appellees, arising from tiie pleadings as presented by tiie record, and as it is likely that wo should find some difficulty in arriving at a satisfactory conclusion on the legal sufficiency of the defense set up in the appellee’s second answer, we have concluded that as the view we have taken of the ground taken by the appellees, arising from the pleadings, will affirm the judgment, it is most proper to rest our opinion on these grounds only, without discussing the other, as, whatever might be our opinion on that point, it could not afieet the judgment in this ease.
It is contended by the appellees’ counsel that the demurrer went to the whole of tiie answer of the defendants. In this proposition we fully concur, and also in its application. The first answer of the defendants was not objectionable, and presented an issue of fact; and whatever the law presented by the second answer may be, as to its legal sufficiency, tiie first answer ought not to have been demurred to, but it should have been tried by the jury, and *133 the plaintiff should have confined his demurrer to the second answer; and the plaintiff not having asked leave to amend, the judgment was correctly rendered for the defendants. This of itself would be decisive in support of an affirmance of the judgment.
The appellees have presented another ground (and, perhaps, a more important one) in support of the judgment on the pleadings. They object to the sufficiency of the plaintiff’s petition, and say that it is not such as, under the statute on which the suit was instituted, would have authorized any valid judgment against the defendant, and that the plaintiff’s demurrer brought the sufficiency of his petition before the court to be adjudicated.
The proposition is believed to be incontrovertible that a general demurrer goes back to the first error in matters of substance, we mean1" to the first error that would he fatal to the action or the defense, and not to such as would be considered as matter of form and cured by a verdict. (10 Pet. R., 264; 2 Johns. R., 405; 3 Id., 366; 11 Id., 482; 3 Cr. R., 229.)
We will then proceed to examine the plaintiff’s petition, first laying down some preliminary rules that must control us in that investigation. Wc lay it down as a well-established rule of law that where an offense has been created by a statute unknown to the common law, in any proceeding under such statute to punish the offense or to enforce the penalty prescribed, whether such proceedings he by hill, information, or the common-law declaration, tile same certainty in the specification of the fact or facts constituting the offense defined will he required that would he natural in a hill of indictment. (Bacon, INFORMATION, C., 4 vol., p. 411; 1 Chitt. Crim. Law, 846 ; 2 Id., pages 6, 11, Burrow.)
That tiie offense, defined by the Legislature, under which this suit was commenced, is clearly statutory and unknown to the common law, caunot for a moment be. doubted. (2 Johns. Chan. R., 377.)
The offense defined by the law is the use of banking or discounting privileges, and it further particularizes wliat is meant by banking privileges; “or shall issue any bill, check, promissory note, or other paper in this1 State to circulate as money;” and by the fourth section eacli of these specifications is made to constitute a separate offense as defined by the first section. Row let us take both sections together and construe them in reference to each other, and the result of the analysis will he that the following facts will each constitute a separate offense, on which the penalty prescribed can be brought to bear; first, the use or exercise of banking or discounting privileges for one month; second, the issuance of a bill; third, cheek; fourth, promissory note; fifth, or other paper to circulate as money. The issuance of any of these papers, from number two to five inclusive, if with a view to its circulation as money, constitutes a separate offense from the one first numbered. The statute is one of exceeding severity. It would subject the violators to a separate prosecution and penalty of not less than two thousand dollars for each and every paper within the batch of the four specifications. A statute so penal would strongly incline us, were we allowed, as English judges often took it on themselves to do, to give a more lenient construction t,o the language employed in it than would ho their import in the ordinary use of those words, and to say that when the Legislature have said that each and everyone of these should be deemed a separate offense, they only meant that proof of these facts should he deemed plenary to the offense. We, however, disclaim any right or authority to do so, and must content ourselves with the plain meaning of 'the language employed by the law-makers.
This suit was brought to recover the penalty for the infraction of the law under the first specification in our analysis: “ The use or exercise of banking or discounting privileges for one month,” The charge contained in tlie petition is, “kept their office and exercised banking privileges,” adding to the words of the statute “kept their office,” and omitting “or discounting” between the words “banking” and “ privileges ” in the statute, thus materially departing from the language of the statute, more objectionable for the words *134 omitted than those added, as they formed a component part of the offense defined. But the charge in the petition is still more defective; because, after setting out tiie oífeñse as defined by the statute, it should have alleged with great'particularity the specific fact or facts constituting the offense charged, the person or persons who had obtained the discount or discounts, and thus to have raised the foundation for proof that it had been so continued for the space of one month. We have no answer to make to the objections that under the rule laid down it would bn exceedingly difficult to convict on this specification of the offense defined. We are only applying a well-known rule of law to the case presented for our consideration, and for its correctness we will refer to Bush v. The Republic of Texas, 1 vol. Tex. R., 455, and Burd v. The Republic, particularly the last, 1 vol. Id., 608, in which the doctrine on this question was fully discussed on principle and the authorities on tho subject examined. These two cases so entirely and clearly sustain the conclusion to which we have come that a reference to them might well have justified us in relying on them without any further investigation. ‘ We are, therefore, of opinion that tho petition in this case is insufficient in law to have authorized a judgment against the defendants, and that the judgment in their favor on the plaintiff and appellant’s demurrer be, and the same is, affirmed.
Note 59. — Orton v. Engledow, ante, 20G; The State v. williams, 14 T., 98.
Judgment affirmed.