### C. A. Smith v. The State.

*No. 1331. Decided November 18th, 1896.*

**1. Burglary—Indictment—"Then and There."**

Where an indictment for burglary, instead of using the phrase "then and there," with reference to the allegation of the intent to commit theft, charged the breaking and coupled it with the charge of the intent by the conjunction "and." Held: Sufficient to extend the allegation of time .and place to the succeeding averments, though ordinarily where the evidence' consists of a series of connected acts it is necessary, instead of repeating the time and place originally alleged, to use the phrase "then and there."

**2. Same—Accomplice Testimony—Charge.**

On a trial for burglary, where a witness testified that, at defendant's request, he introduced defendant to another party, to whom defendant said, he desired to sell some cigars, and, at that time, defendant had not stolen any cigars, and it was not shown that said witness had any connection whatever with the subsequent burglary or the cigars. Held: That a charge on accomplice testimony, in connection with the evidence of said witness, was not required.

Appeal from the District Court of McLennan. Tried below before Hon. S. R. Scott. ·

Appeal from a conviction for burglary; penalty, two years' imprisonment in the penitentiary.

The charging part of the indictment is as follows: "That on or about the 6th day of February, in the year of our Lord eighteen hundred and ninety-six, and before the presentment hereof, with force and arms, in the county and State aforesaid, one C. A. Smith did, in the night time, by force, threats and fraud, break and enter a house there situate and occupied by Doud & Foster, a firm of copartners then and there composed of John Doud and W. G. Foster, without the consent of said firm, and with the intent fraudulently to take from the said house corporeal personal property therein being and belonging to the said Doud & Foster from the possession of the said Doud & Foster without the consent of the said Doud & Foster, and without the consent of the said John Doud, and without the consent of the said W. G. Foster, and with intent to deprive the said Doud & Foster, the owners of said corporeal personal property, of the value thereof, and to appropriate the same to the use and benefit of him, the said C. A. Smith, against the peace and dignity .of the State."

A motion to quash the indictment was made by defendant, upon the ground that, "It does not allege that the fraudulent intent to commit theft was present in the mind of the defendant at the time said house is alleged to have been broken into and entered." This motion was overruled.

The evidence shows that Doud & Foster's saloon, in Waco, was bur-

glarized on the night of the 5th of February, 1896, and seventeen boxes of cigars, marked "John and Henry," were stolen from said house. The evening before the burglary the defendant asked Jerry Willis to introduce him to the bartender or proprietor of Hewitt's saloon, as he had some cigars to sell. Willis introduced him to the bartender, who introduced him to Hewitt, the proprietor. On the morning after the burglary, defendant sold seventeen boxes of cigars marked "John and Henry," to Hewitt, and they were afterwards identified and recovered by Doud & Foster as the property taken from their saloon when it was burglarized.

*Samuel H. Clayton*, for appellant: The intent to commit theft must exist at the very time the house is entered to constitute burglary, and the indictment must so allege in positive and certain language. The indictment in this case leaves out the material words, "then and there," in connecting the breaking and entering with the fraudulent intent. Willson's Crim. Forms, No. 460; Allen v. State, 18 Tex. Crim. App., 120; Collins. v. State, 20 Tex. Crim. App., 197; Harris v. State, 20 Tex. Crim. App., 652.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of burglary and given two years in the penitentiary, and prosecutes this appeal. Appellant moved to quash the indictment, on the ground that, after the charge of breaking, in the language introducing the charge as to the intent to commit theft, the phrase "then and there" was not used. In the indictment the charge of breaking is coupled with the charge as to the intent by the conjunction "and." Ordinarily, where the evidence consists of a series of connected acts, it is necessary, instead of repeating the time and place originally alleged, to use the phrase "then and there." See, Bishop's Crim. Proc., § 412. In this case, the act was the breaking, and we think that the use of the conjunction "and," coupling the intent with the breaking, was sufficient. It makes the indictment plain and intelligible, and sufficiently extends the original allegation of time and place to the succeeding averments in the indictment. See, Harris v. State, 2 Tex. Crim. App., 102. Appellant also contends that the court committed an error in failing to charge the jury that Jerry Willis was an accomplice. The evidence in this connection shows that, on the evening preceding the burglary, the following night, the defendant requested Jerry Willis to introduce him to the bartender or proprietor of Hewitt's saloon; that Willis complied with this request, and, introduced him to the bartender, and subsequently the bartender introduced the appellant to the proprietor; that Willis stated to the bartender, when he introduced appellant to him, that defendant had some cigars that he (defendant) desired to sell; that, after Willis had intro-

duced defendant to the bartender, the said Willis left, and did not hear any conversation between the defendant and the bartender or the proprietor.   Willis himself testified that he met the defendant the evening before the burglary, as he was going to Hewitt's saloon, and appellant asked Willis if he would introduce him to the bartender or the proprietor, as he had some cigars he had gotten for work that he wanted to sell.   He complied with the request and introduced him to the bartender. He did not talk with them or hear their conversation.   Witness was not acquainted with the defendant.   Under these facts, we do not believe that the charge on accomplice's testimony was required.   It is not shown that the witness, Willis, had any connection whatever with the burglary or the cigars, and all that he did was simply to introduce appellant, at his (appellant's) request, to the bartender at Hewitt's saloon, and stated at the same time that appellant had cigars to sell.   This information he seems to have acquired from the appellant, who told him he had said cigars for sale, and how he obtained them.   At this time defendant had not stolen the cigars.   There is no merit in this contention of the appellant.   Appellant also insists that the evidence is not sufficient to support the conviction.   To this we cannot agree.   The testimony is overwhelming that the defendant was guilty as charged.   The judgment is affirmed.

*Affirmed.*