## L. A. BUTLER v. THE STATE.

### No. 2820. Decided June 15, 1904.

**1.—Indictment—Then and There.**

Where the indictment charging defendant with misapplication of public funds omitted the clause, "then and there" after the word "did," but charged as follows in its closing portion, "and the said L. A. B. did unlawfully, willfully and fraudulently take, misapply," etc., it was sufficient to show the connection and to carry forward the allegation of time and venue alleged in the first part of the indictment.

**2.—Same—Description of Property—Money.**

"Three thousand dollars current money of the United States of America," is a sufficient allegation in the indictment as to description and kind of money misapplied.

**3.—Evidence—Mitigation—Settlement.**

Where defendant was tried for misapplication of public funds, it was

proper to exclude orders of the commissioners court in explanation of certain property turned over to said court by the defendant, in order that the same might be considered in mitigation of punisment, the embezzlement having occurred prior to such orders of settlement.

#### 4.—Charge of the Court—Not Too Restrictive—Money.

A charge instructing the jury in effect that while appellant, who was charged with embezzlement, was treasurer, he was only authorized to receive legal tender metallic coin or legal tender notes and "current money of the United States of America," for and on behalf of the county and to pay the same character of money to the county was not too restrictive.

#### 5.—Same—Character of Money—Harmless Error.

A county treasurer who was charged with embezzlement of county funds, who confessed his defalcation and who made no tender to the county of any kind of money, or funds of any character, could not complain of the action of the trial court in refusing special charge to the effect that he could only be convicted if the evidence showed the embezzlement by him of National bank notes, or United States treasury notes.

Appeal from the District Court of Ward. Tried below before Hon. James L. Shepherd.

Appeal from a conviction of misapplication of money belonging to the county of Ward; penalty, five years imprisonment in the penitentiary.

The evidence of the State showed that defendant, according to his quarterly report, had received and in his possession at that time a balance of more than $3000 for which he did not account; this was corroborated by the finance ledger kept by the county clerk. Various county officials, including the defendant's successor, proved his shortage by the books and records of the county in which account is kept of the various county funds received by the treasurer and that defendant had failed to turn over to his successor these funds. It was also shown that defendant had used county funds in paying his private debts, and in purchasing cattle, land and other property for himself, and that he had tried to borrow money to settle with the county, but had failed to produce the funds at the time he made his quarterly report, or afterwards. He offered some notes and collaterals afterward in settlement which were turned over to an appraiser, and later to his successor.

*A. J. Wilson,* for appellant.—The indictment must show the place where the offense was committed is within the jurisdiction of the court in which the indictment is presented, and the time mentioned must be some date anterior to the presentment of the indictment and not so remote that the prosecution of the offense is barred by limitation. White's Penal Code, art. 439, and cases cited thereunder. Willson's Crim. Forms, 25; 12 Texas, 210; 2 Texas Crim. App., 102; Hughes' Crim. Proc., Sec. 2726.

The court erred in the third paragraph of its charge in telling the jury that the defendant, as former treasurer of Ward County, Texas, was only authorized under the law to receive legal tender money of the United States, and that he was required to account to the Commissioners

Court of Ward County, Texas, for legal tender money in making his reports.

*Gregory & Batts* also filed a motion for rehearing.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of misapplication of money belonging to the county of Ward, and his punishment assessed at a term of five years' confinement in the penitentiary; hence this appeal.

Appellant questions the indictment on the ground that in the closing part of the indictment, to wit, the allegation, "and the said L. A. Butler did unlawfully and fraudulently take, misapply and convert the same to his own use and benefit," etc., that it fails to show such a connection with what precedes as to embrace a proper allegation of time and venue. We do not believe this contention is sound. The indictment pursues the ordinary form laid down in White's Annotated Penal Code, section 138, omitting, however, in said clause above referred to the allegation, "then and there" after the word "did." However, the indictment after alleging that he was county treasurer, and said funds being three thousand dollars current money of the United States of America of the value of three thousand dollars, came into his possession by virtue of his said office, and was then and there the property of Ward County, Texas, and the said L. A. Butler did unlawfully as above stated, etc. We think the conjunction "and" here sufficiently shows the connection, and carries forward with it the allegations "then and there" showing the act of conversion was committed at the time and place before alleged. See Smith v. State, 36 Texas Crim. Rep., 442; Harris v. State, 3 Texas Crim. App., 102. We think the allegation in the indictment as to description and kind of money is sufficient. It alleges "three thousand dollars current money of the United States of America." In State v. Brooks, 42 Texas, 62, it was held under this character of indictment this was a sufficient description of the money, without enumerating the particular character and denomination of the money. As to the allegation "Current money of the United States," it has recently been held that includes any kind of paper currency money of the United States, which passes current as money under the guaranty of the United States government; and includes not only legal tender notes, but national bank bills and gold and silver certificates. Berry v. State, 80 S. W. Rep., 630.

Appellant complains of the action of the court refusing to permit him to introduce in evidence certain orders of the county commissioners of Ward County, passed on and after May 7, 1899, and before July 22, 1899, said orders being in explaination of certain property turned over by defendant to said court, in settlement of his indebtedness to said

county. He offered these orders to show that settlement and satisfaction had been made with said court during his term of office and before any criminal prosecution had been instituted, and in order that the same might be considered by the jury in mitigation of punishment. This was excluded by the court on the ground that the same occurred after defendant had already committed the offense of misapplication of public money; and because the court had no authority to accept property in settlement of said indebtedness. The court further explains the rejection of this testimony by stating that no acts of official character were done by defendant from May 7, to July 22, 1899; and also that the orders referred to show that said payment was accepted by said court as a compromise, and was much less than the indebtedness actually due the county by the defendant. We believe the action of the court in this respect was correct. If the embezzlement had been committed of the funds of the county by appellant, this had already been done some time before the settlement, in which it appears that some property was turned over by appellant to the county. Of course, the subsequent compromise and turning over by defendant of some property may have been very proper on his part, but we know of no rule of law applicable to a case of this character, which would authorize such evidence to be introduced even in mitigation of a consummated offense.

Appellant complains of the action of the court instructing the jury, in effect, that while appellant was treasurer he was only authorized to receive legal tender metallic coin or legal tender notes and current money of the United States of America, for and on behalf of the county, and that he was only authorized to pay the same character of money to the county. If this clause of the charge means legal tender metallic coin or legal tender notes only, then the court's charge under the recent authorities was evidently too restrictive. But it occurs to us that the further expression, "current money of the United States of America," is more comprehensive and would cover any kind of currency of the United States of America which is guaranteed by the government and passes as money. If the latter is a correct interpretation, then it would cover any character of current money of the United States; and as stated before, this has been recently so held. See Berry v. State, supra. And on this same subject see article 941, Penal Code, which refers to the embezzlement of money and makes this term include, besides gold and silver, copper or other coin, bank bills, government notes or other circulating medium current as money. If this construction were not correct, then it would almost invariably be impossible to determine what character of funds a public official may have embezzled; and it would rarely occur that the State would be able to show an embezzlement of legal tender notes of the United States.

Appellant requested a number of charges to the effect that defendant could only be convicted in case it should be shown he had embezzled national bank notes or United States treasury notes. These charges were refused by the court, and in accordance with our view, as expressed

above, they were correctly refused. But even if it be conceded that the court's charge as given restricted proof of embezzlement to coin money of the United States and United States treasury notes, we fail to see how this could injure appellant. He made no effort to satisfy his confessed defalcation to the county of some three thousand dollars in any kind of currency or money or in any other character of funds. He had none, and tendered none. He admitted that he had money belonging to the county, and it must be assumed that this was such money as he was authorized to receive; but if in liquidation of this he had offered national bank bills or gold or silver certificates or warrants, or other funds, and these had been refused by the county, then he would have just cause for complaint.

We have examined the record carefully, and in our opinion the evidence amply supports the verdict of the jury. The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]