KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. COLE.

(Court of Civil Appeals of Texas. Amarillo. April 20, 1912. Rehearing Denied June 1, 1912.)

1. CARRIERS (§ 20*)—DELAY—PENALTY—PETITION.

Sayles' Ann. Civ. St. 1897, art. 4496, provides that, in case of a carrier's refusal to transport property at the appointed time, the carrier shall pay the party aggrieved all damages sustained thereby, and also 5 per cent. a month on the value of the property at the time of shipment for the unnecessary detention thereof beyond the time reasonably necessary for its transportation. *Held*, that such section imposed a penalty, and that a petition thereunder, failing to allege the value of the property at the time it should have been shipped, or to charge that any delay in delivery at destination resulted, was insufficient.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

2. PENALTIES (§ 32*)—PETITION—REQUISITES.

A petition to recover a statutory penalty must allege all the statutory requirements to establish a cause of action with the same de-

gree of certainty as is required in an indictment in a criminal case.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. §§ 26–30; Dec. Dig. § 32.*]

**3. APPEAL AND ERROR (§ 1091*) — REVIEW — PLEADING—PRESUMPTIONS.**

The rule that it is the duty of the court on appeal to assume that oral pleadings were made before a justice of the peace, sufficient to comply with statutory requirements, has no application where the record shows what the pleadings were, and that they were in writing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. § 1091.*]

Appeal from Hardeman County Court; H. W. Martin, Judge.

Action by H. Cole against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

L. W. Allred, of Chillicothe, for appellant. W. T. Perkins, of Quanah, for appellee.

GRAHAM, C. J. This case originated in the justice court, precinct No. 3, Hardeman county, Tex., in which court judgment was rendered against appellant and in favor of appellee for $175, from which judgment an appeal was prosecuted by appellant to the county court of Hardeman county, where judgment was rendered in favor of appellee and against appellant for the sum of $130.-60, from which judgment an appeal has been prosecuted to this court by appellant. The judgment rendered by the county court shows to have been for 5 per cent. per month on $9,800 worth of cotton, which appellee claims was delayed in shipment nine days; the recovery evidently having been awarded under articles 4494 and 4496, Sayles' Civil Statutes.

Appellee's pleadings are in writing, and he sought a recovery of $35 damages for failure to ship the cotton for nine days after same was delivered on the platform of the company, being the interest on the value of the cotton during said period of time. He also sought a recovery of $26.43 in damages, being the amount he alleges he was compelled to pay in interest on an overdraft necessarily contracted by him as a result of the delay. He also sought a recovery of $2 per day for time lost in his efforts in trying to procure the shipment of the cotton for nine days and $8.55 for annoyance during that period.

Appellee also, among other things, pleaded as follows: "Plaintiff states that he was otherwise and specially damaged by reason of defendant and its agent refusing to give him the B/L for said cotton and ship same when notified, as aforesaid, as it was in duty bound to do, but, through its negligence, carelessness, and willful and reckless disregard of plaintiff's rights and interests,

refused to do for a long time, to wit, for nine days, to plaintiff's special damage in the sum of $147. Plaintiff states that it was the duty of defendant to receive said cotton and ship same in a reasonable time after being notified that it was on the platform at Margaret, and that defendant should have shipped same on the 23d day of December, 1909; but, through its willful disregard of plaintiff's right, it refused to ship same, and did not ship same until ten days thereafter, whereby plaintiff is specially damaged in the sum of $150." Prayer is then made for the several items of damage, aggregating $182, interest and costs.

On a former day of this term, on motion of appellee, the statement of facts was stricken out, and the appeal will therefore be disposed of upon the transcript, without considering the statement of facts.

Appellant urges in this court many assignments of error, most of which complain of the action of the trial court in overruling what it styles "special exceptions," urged by appellant to appellee's pleading, others of which complain of the action of the trial court in overruling appellant's motion for a new trial because of want of sufficiency of evidence to support the judgment.

As the statement of facts is not before us for consideration, we are not at liberty to revise the action of the trial court upon any of the assignments raising the sufficiency of the evidence to support the judgment, and, in fact, can consider only those which present the question of whether or not appellee's pleadings are sufficient to support the judgment rendered. The statement of appellee's pleadings, above made, shows clearly that the judgment rendered by the trial court is based upon 5 per cent. per month for eight days, recovery of which, in a proper case, is authorized under article 4496, R. S.

[1] The portion of appellee's pleadings on which the judgment must rest, if at all, is copied above, and, as we view the same, appellee's pleadings are wholly insufficient to warrant a recovery under article 4496. Dorrance & Co. v. International & G. N. Ry. Co. et al., 53 Tex. Civ. App. 460, 126 S. W. 694. It will be noticed that in fixing the 5 per cent. authorized to be recovered under article 4496 the value of the commodity is to be estimated as of the time of the shipment, and if a recovery can be had in this case it would necessarily be the value of the commodity at the time it should have been shipped.

[2] An inspection of appellee's pleadings will show that he fails to allege what the property was worth at the time it should have been shipped; and he also fails to allege that any delay in the delivery of the commodity at destination really resulted, notwithstanding the fact he does allege that

the company failed to ship the commodity for several days after delivery was tendered to it. In the case above cited, the court uses this language: "The recovery allowed by the statute is in the nature of a penalty, and the right of action is strictly statutory; and without this statute the plaintiffs could not recover the damages or penalty specified in it. Therefore plaintiffs must bring themselves strictly within the provisions of the acts, in order to recover the penalty prescribed. * * * In State v. Williams, supra, it is held that in proceedings to enforce statutory penalties the facts constituting the offense must be averred with the same certainty that would be required in a bill of indictment. The facts must be alleged. Mere inference will not aid them. * * * In suits for penalty under the statute quoted, in addition to showing a negligent delay of the shipment beyond the time reasonably necessary for its transportation, the specific date or time of the shipments must be alleged, as well as the value of the shipments. This was not done in this case. It is true that by the exhibits attached to the petition the dates of the bills of lading covering the several shipments and the amount of the invoice of each shipment are given; and we might infer from these allegations, if, indeed, we can look to the exhibits as settling such omissions in the petition, that the date of each bill of lading was the time of shipment, and the invoice the value of the cotton shipped. But the rules of pleading require that the facts relied on should be stated directly and positively, and not by way of argument or inference. * * * The allegation that the invoice stated a certain amount as the price at which the goods were sold in the particular transaction is not an allegation of their value at the time of shipment; neither is the date of a bill of lading an allegation of the time of shipment. The importance of strictly following the statutes as to time and value is manifest from the reflection that the penalty is based on the value of the delayed shipment, and the amount to be computed from the time the shipment was made. * * *"

We think the observations, above quoted, peculiarly applicable to this case; and that, in order for appellee to be entitled to recover the penalty that was awarded in the judgment of the trial court, his pleading must state all the statutory requirements with the same degree of certainty as is required in a bill of indictment in a criminal case.

[3] It may be contended by appellee that it is the duty of this court to assume that oral pleadings were made by him, sufficient to comply with the statutory requirements. This rule, however, has no application where the record shows what the pleadings were, and especially where the record shows that they were in writing, as in this case. Harrington Lumber Company v. Smith et al., 44 Tex. Civ. App. 363, 99 S. W. 110.

Because appellee's pleadings are insufficient to support the judgment rendered, the judgment of the trial court will be reversed, and the cause remanded for further proceedings; and it is so ordered.