MISSOURI, K. & T. RY. CO. OF TEXAS v. HARRELL GIN CO. (No. 5687.)

(Court of Civil Appeals of Texas. San Antonio. June 7, 1916.)

CARRIERS ⬉44 — ACTION FOR PENALTIES — FAILURE TO FURNISH CARS—PLEADING.

A complaint in action for penalties prescribed by Rev. St. 1911, art. 6680 (Vernon's Sayles' Ann. Civ. St. 1914, art. 6680), for alleged failure to furnish a car, alleging application for car to be placed on a spur track of another railroad, not designating as the place where the car was desired some station or switch of defendant, is demurrable, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6679, requiring that application for cars shall state the place at which they are desired, and designate a place at some station or switch on the railroad.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 120–122, 230; Dec. Dig. ⬉44.]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by the Harrell Gin Company against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

A. B. Storey, of San Antonio, and Jeffrey, Jeffrey & Fielder, of Lockhart, for appellant. O. Ellis, Jr., S. R. Graves, N. H. Clark, and Fred L. Blundell, all of Lockhart, for appellee.

MOURSUND, J. This is a suit by appellee against appellant to recover penalties in the sum of $200 for alleged failure to furnish a tank car for the shipment of fuel oil for eight days after the expiration of three days from the time when demand in writing for such car was filed with the railway company.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Upon appeal to the county court, taken by plaintiff, judgment was rendered in its favor for $175.

Plaintiff alleged that it owned a gin plant located on a spur of the San Antonio & Aransas Pass Railway Company at Lockhart, where it stored its oil; that there is a transfer track which connects the main line of defendant railway with the main track, switches, and spurs of the said San Antonio & Aransas Pass Railway; that an arrangement existed between the two railway companies whereby defendant railway, on demand, placed or had placed at points on the tracks, switches, and spurs of the San Antonio & Aransas Pass Railway Company cars for the receiving of freight for transportation over appellant's lines; that a custom existed between said railway companies whereby defendant company would place cars on the transfer track between the two main lines of said companies, and the San Antonio & Aransas Pass Railway Company would at once transfer said car to any switch or spur on its line in Lockhart, Tex., where the defendant desired to load freight for shipment over its line, and the agent of defendant would see to the loading and billing out of such freight in the same way as if it had been received on defendant's switches; that it was the duty of the San Antonio & Aransas Pass Railway Company to receive the cars placed on the transfer track, and the duty of defendant to place cars on said transfer track and notify the agent of the San Antonio & Aransas Pass Railway Company of the placing of such car and the switch or spur on which it desired the car placed for loading; that it was not the duty of the San Antonio & Aransas Pass Railway Company to furnish cars in Lockhart, Tex., to be loaded with freight to be transported by defendant to points on its line, nor was it the custom for the San Antonio & Aransas Pass Railway Company to do so, and this was understood by the shipping public in Lockhart and vicinity; that plaintiff desired to ship fuel oil from its gin plant to New Braunfels, and on July 18, 1914, delivered to the agent of defendant at Lockhart a written application or demand for one car suitable for hauling fuel oil, such car to be furnished at Lockhart on the spur of the San Antonio & Aransas Pass Railway Company's lines within three days from that date. Plaintiff then alleged the payment of one-fourth of the freight, its receipt and acceptance by the agent, together with the application, and the agreement by the agent to furnish the car as requested. Plaintiff also alleged that the place at which the car was to be furnished was within the corporate limits in the city of Lockhart, and that appellant had a station and an agent in said city; that defendant failed and refused to deliver the car either to plaintiff or on the transfer track within the time required by law, and did not furnish same until July 30, 1914, wherefore it became bound to pay plaintiff the sum of $25 per day for eight days. Plaintiff also alleged fully its readiness and ability to load the car within 48 hours had it been furnished as requested. Defendant alleged that the transfer track was owned jointly by the two railway companies, and plaintiff in a supplemental petition admitted the correctness of such allegation.

Appellant contends that the penalty provided for in article 6680, Vernon's Sayles' Statutes, cannot be collected unless the place designated in the demand be at some station or switch on the line of the company to which the application is made, and that plaintiff's petition is subject to general demurrer on the ground that it fails to allege that the application designated such a place. Article 6679, Vernon's Sayles' Statutes, reads as follows:

"Said application for cars shall state the number of cars desired, the place at which they are desired, and the time they are desired: Provided, that the place designated shall be at some station or switch on the railroad."

This statute, when strictly construed, undoubtedly means that the place designated must be at some station or switch on the railroad of the company to which application is made. In speaking of this statute our Supreme Court, in the case of H. E. & W. T. Ry. Co. v. Campbell, 91 Tex. 557, 45 S. W. 2, 43 L. R. A. 225, said:

"The statute imposes a heavy penalty, and it is an elementary rule that such statutes must be strictly construed. This does not imply that the courts are authorized to refuse to give effect to the intention of the Legislature, but it proceeds upon the theory that it is not reasonable to presume it is their intention to impose a punishment, except in so far as that purpose is clearly manifested by the language employed in the statute. It results as a corollary from this rule that the penalty will not be awarded in a case which does not come strictly within the terms of the statute. Such is the established canon of construction in this court."

Our courts have held that in proceedings to enforce statutory penalties the facts constituting the offense must be averred with the same certainty that would be required in a bill of indictment; that the facts must be alleged, and mere inference will not aid them. State v. Williams, 8 Tex. 265; Dorrance v. Railway, 53 Tex. Civ. App. 460, 126 S. W. 694.

Applying the foregoing rules to plaintiff's petition, we find that it does not allege that plaintiff designated as the place at which the car was desired one at some station or switch on the railroad of appellant company, but, on the contrary, that the petition affirmatively shows that the place designated is situated on the spur track of the San Antonio & Aransas Pass Railway Company. Plaintiff appeared to have some doubt whether it could require appellant to place its car on the track of the San Antonio & Aransas Pass Railway Company under the statute above copied; for it alleged that defendant

failed to deliver the car either to plaintiff or on the transfer track. The transfer track was partly owned by appellant, and it was customary for appellant to place its cars thereon and rely upon the San Antonio & Aransas Pass Railway Company to remove the cars to such place on its track as was desired by the shipper, but no statutory request was made of appellant to place the car on the transfer track, and it is not within the power of the courts to hold that this highly penal statute was intended to cover cases not coming within the terms thereof when strictly construed.

The first assignment is sustained, and the judgment of the trial court is reversed. As it is apparent that no case for the recovery of the penalty prescribed by article 6680, R. S. 1911, can be alleged, and the suit is for such penalty alone, it would be useless to remand the cause. Judgment will therefore be rendered by this court dismissing the case.