### S. C. CAMPOS v. THE STATE.

No. 5177.   Decided November 6, 1918.

**1.—Theft—Theft by Bailee—Sufficiency of the Evidence.**

Where, upon trial of theft and theft by bailee, both counts were submitted to the jury, who found the defendant guilty of theft, there was no reversible error, the evidence being sufficient to sustain the conviction.

**2.—Same—Theft by Bailee—Rule Stated.**

A prosecution for theft by bailee must be based upon the conversion of property, which came into the possession of accused by virtue of a contract,

and where the evidence did not show such a contract, express or implied, the defendant could not be convicted of that offense. Following Fulcher v. State, 32 Texas Crim. Rep., 621.

### 3.—Same—Requested Charge—Sufficiency of the Evidence.

Where, upon trial of theft and theft by bailee, the evidence supported a conviction for theft, and did not raise the issue submitted in defendant's requested charge, there was no reversible error in refusing the same.

### 4.—Same—Value—Money.

Where, upon trial of theft, the information charged that defendant fraudulently took from the owner $8.10 in money, etc., it was not necessary to prove the value of the money. Following Britain v. State, 52 Texas Crim. Rep., 169, and other cases.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of misdemeanor theft; penalty, three months confinement in the county jail.

The opinion states the case.

*W. C. Linden* and *D. A. Meyer,* for appellant.—On question of bailee and insufficient evidence: Mullens v. State, 37 Texas, 337; Thurman v. State, 33 id., 684; Hernandez v. State, 20 Texas Crim. App., 151; Wilson v. State, 20 id., 662.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of misdemeanor theft and his punishment fixed at three months confinement in the county jail.

He was an employe of one Dielman, who sent him to deliver a five-gallon can of oil to the Sherwin-Williams Paint Store, giving him the bill for the oil against one Roeglein for 90 cents. The purchaser of the oil was a customer of the paint store and the contention of the State is that when the bill was presented one Connor, a clerk in the store, was told by another employe to pay the bill, stating, "Here is a $9 C. O. D. order." Whereupon Connor paid the appellant $9, whereas the bill called for but 90 cents. Appellant accounted to his employer for the 90 cents, and his conviction is based upon the proposition that he was guilty of theft of the remainder of the $9, namely, $8.10. Complaint was not made by Connor until two days after the transaction when he called on appellant's employer and claimed that he had by mistake paid $9 to appellant instead of 90 cents. Appellant denied that he received the amount, claiming that he received but $1 and gave Connor 10 cents in change. He said that on his return he gave his employer the dollar and received 10 cents in change. His employer testified that the appellant did on his return give him the dollar, receiving 10 cents in change. Appellant claimed that he had no further money, and that he had gotten special permission subsequently on the same day

to obtain 25 cents on his wages for the purpose of getting his lunch. He was corroborated by his employer with reference to obtaining this 25 cents on the statement that he wanted it for the purpose named. He bore a good reputation and had been in the employ of Dielman for a long time and had frequently collected money for him and always accounted for it. Connor's testimony was corroborated by another employe of the Sherwin-Williams Co., who stated that he had handed the bill to Connor telling him it was a $9 C. O. D. bill and that he had seen Connor pay the appellant money, he remembered a $5 bill and two silver dollars.

The indictment charged theft and theft by bailee. Both counts were submitted to the jury and the jury found appellant guilty of theft.

Appellant complains of the refusal of the following special charge: "You are instructed that before you can find the defendant guilty of the offense of theft charged in the information, you must believe from the evidence beyond a reasonable doubt that the defendant took the money wrongfully at the time of the taking. If you believe from the evidence beyond a reasonable doubt that the defendant obtained the money by means of a false pretext or representation, and that the defendant at the time he received the money, if he did receive it, had the intent to deprive the owner of the value thereof and to appropriate it to his own use and benefit, then he would be guilty, otherwise not.

"So, of course, if you should believe from the evidence that these facts did not exist, you will find the defendant not guilty and this even though you should believe from the evidence that the defendant, after he received the money, if he did receive it, formed the intent to appropriate the money to his own use and benefit and to deprive the owner of the value thereof."

The transaction from the State's standpoint did not justify the submission of the issue of theft by bailee. A prosecution for that offense must be based upon the conversion of property which comes into the possession of the accused by virtue of a contract. There could be no contract implied from this transaction. From his standpoint Connor simply delivered to appellant $8.10 by mistake. Appellant claims to have received but one dollar, of which he returned 10 cents. If he received the other $8 it was not his money and was not his employer's money and no contractual relation between him and Connor resulted. See Fulcher v. State, 32 Texas Crim. Rep., 621. If when appellant received the money he formed the criminal design to appropriate it to his own use and did so appropriate it, it would be theft. Fulcher v. State, 32 Texas Crim. Rep., 621. If he received it without the criminal design and subsequently formed the purpose to fraudulently appropriate it he could not be convicted under the general charge of theft under article 1332 under which this prosecution is had. If there was evidence upon which to base such charge it would have been proper to tell the jury that appellant could be convicted of theft only in the event he formed the intention to fraudulently appropriate the money at the

time he received it. The special charge requested in a sense suggests this theory though it is not framed so as to properly present it. The evidence, however, as we view it, does not raise this issue. It does not suggest that if appellant received $9 he did not know it was not more than the amount of his bill. There seems to have been but one issue, namely, did Connor pay him $1 or did he pay him $9? This issue could be solved under a general charge of the court instructing the jury that the right to convict was conditioned upon belief beyond a reasonable doubt that appellant fraudulently took the money from the possession of Connor. This issue the jury solved against appellant on conflicting evidence and we do not feel authorized to disturb the finding which has been approved by the trial court. The suggestion that it was necessary to prove the value of the money seems not well founded. See Branch's Ann. P. C., p. 1422, sec. 2620, and cases cited; Britton v. State, 52 Texas Crim. Rep., 169; Dennis v. State, 74 S. W. Rep., 559; Butler v. State, 46 Texas Crim. Rep., 287; Jackson v. State, 60 Texas Crim. Rep., 273.

The judgment is ordered affirmed.

*Affirmed.*