REDUS v. BLUCHER. (No. 6100.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1918. Rehearing Denied Jan. 15, 1919.)

1. EXTORTION ⬅11—PENALTY—PLEADING.

A suit, under Rev. St. 1911, art. 3915, to recover four times the amount of excessive fees charged by a county surveyor, is one for a penalty, and the petition is subject to strict construction.

2. PENALTIES ⬅32—PLEADING.

A petition, in an action in which penalties are sought to be recovered, should state all the statutory requirements with the same degree of certainty as is required in an indictment· in a criminal case.

3. EXTORTION ⬅11—PENALTY—PLEADING— EXCESSIVE FEES.

A petition against a county surveyor, under Rev. St. 1911, art. 3915, to recover statutory penalty of four times amount of excessive fees charged, must allege that application under Vernon's Sayles' Ann. Civ. St. 1914, art. 5904c, for survey, was made to surveyor in proper county, and that land surveyed was situated in such county.

4. BOUNDARIES ⬅54(7)—SURVEYORS—FEES— "LAND."

In an action, under Rev. St. 1911, art. 3915, to recover statutory penalty from county surveyor on account of excessive fees charged for a survey made under Vernon's Sayles' Ann. Civ. St. 1914, art. 5904c, the fees prescribed in Rev. St. 1911, art. 3876, for surveying "land" will not be held to apply, where the land was covered by waters of Nueces Bay.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Land.]

Appeal from Nueces County Court; David M. Picton, Jr., Judge.

Suit by R. R. Redus against C. F. H. v. Blucher. Judgment for defendant, and plaintiff appeals. Affirmed.

J. C. Houts, of Sinton, and Jefferson D. Todd, of Corpus Christi, for appellant.

G. R. Scott and Boone & Pope, all of Corpus Christi, and Dougherty & Dougherty and H. S. Bonham, all of Beeville, for appellee.

FLY, C. J. This is a suit instituted by appellant to recover a penalty for an overcharge in fees made by appellee as suveyor of Nueces county. A general demurrer to the petition was sustained by the court, and, appel-lant failing to amend, the cause was dismissed.

It is claimed that the petition is open to attack by a general demurrer because it fails to allege that the land surveyed for appellant was situated in Nueces county, and, the suit being for a penalty the rule, that when a pleading is assailed by general demurrer every reasonable intendment must be indulged in favor of it, has no application, but the petition must be considered with the same strictness as would an indictment for a crime.

It was alleged that appellee was on or about April 22, 1914, the legally elected, qualified, and acting county surveyor of Nueces county, Tex.; that appellant filed with him, on the date named, his application to "prospect for and develop and put out the petroleum oil and natural gas" within a certain area in the manner and under the terms and conditions provided for in chapter 173 of an act approved on April 9, 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5904–5920j), and at the same time paid appellee the filing fees required by law and requested a survey of said area which contained 533 acres. It was further alleged that appellee, as county surveyor of Nueces county, made the survey, and then made a resurvey of the area, which is fully described; it being stated that it was situated in Nueces Bay. There is no direct allegation that the area was situated in Nueces county, and that fact can only be implied from the circumstance that the survey was made by an officer of Nueces county, and that it was situated in Nueces Bay and on the southern shore at the mouth of the Nueces river. If the ordinary rule of testing a pleading, when a general demurrer is urged, be applied to the petition, it would be held sufficient; but it seems that where penalties are sought to be recovered a different rule obtains.

[1] There can be no doubt that this suit is for a penalty and nothing else, for appellant does not sue for the excessive fees paid by him, but for the statutory penalty of four times the amount of the excessive fees as permitted and authorized by Revised Statutes, art. 3915. That statute not only makes an officer charging excessive fees liable for a penalty to the amount of four times the amount of the excess, but also subjects him to a criminal prosecution. It follows that the decisions in cases of penalties would be applicable to this case if it is necessary in such cases to allege the county in which the penalty was incurred.

[2] It is the settled law in Texas that the petition in a case in which penalties are sought to be recovered should state all the statutory requirements with the same degree of certainty as is required in an indictment in a criminal case. State v. Williams, 8 Tex.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

255, and 14 Tex. 98; Scogins v. Perry, 46 Tex. 111; Hedgepeth v. Hamilton, 104 Tex. 496, 140 S. W. 1084; Dorrance v. Railway, 53 Tex. Civ. App. 460, 126 S. W. 694; Railway v. Cole, 149 S. W. 753; Railway v. Harrell Gin Co., 187 S. W. 376.

[3] There can be no doubt that an allegation of venue is essentially necessary when it is sought by a bill of indictment to charge a person with a crime, and, if such allegation be necessary in a suit for a penalty, then the petition in question was subject to general demurrer because there is no allegation as to where the land, which was surveyed, was situated, nor where the excessive fees were demanded and received.

The statute authorizing prospecting for and developing petroleum oil or natural gas in any of the state's islands, salt-water lakes, bays, marshes, reefs, and fresh-water lakes owned by the state provides that a prospector shall file a written application for each tract desired, "with the county surveyor of the county in which the area or a part of same may be situated or the county to which said county may be attached for surveying purposes." Vernon's Sayles' Ann. Civ. St. 1914, art. 5904c. The petition fails to show that such application was made to the surveyor in the proper county or in what county the area was situated that was surveyed. Unless the area was in Nueces county, there was no proper application filed, and the surveyor of that county had no right or authority to make a survey, and could not charge any fees at all. Appellant does not claim that these necessary allegations were made, but seeks to have them read into the petition as in any ordinary civil action.

[4] It is the claim of appellant that the fees prescribed in article 3876, Rev. Stats., should form the basis of this action, wherein it is provided:

"Surveying any tract of land, including all expenses in making the survey, and returning the plat and field notes of the survey, for each English lineal mile actually run, $3.00."

The penalty sought must arise from a greater charge than is permitted for surveying land, and the allegations show that a survey was made of an area covered with the waters of Nueces Bay. The act fixing surveyors' fees, as appears in article 3876, was passed in 1881, and the law for prospecting for oil and gas was passed in 1913, and it is not evident that the fees to be charged for surveying land would apply to the survey of areas covered by water which may be of great depth and would probably require more time, labor, and skill than in surveying land. That the Legislature intended to draw a distinction between land and areas covered by water is clear from the language of the statute itself which speaks of islands, salt-water lakes, bays, marsh reefs, and fresh-water lakes. The statute fixes fees for surveying land, and not water, and, being a penal statute, it must be construed strictly. The distinction between land and areas covered by water has been clearly recognized. It was said by the Supreme Court, in the case of De Merit v. Robison, 102 Tex. 358, 116 S. W. 796, in construing what was meant by "public lands," that it contemplated land and not water. That was held in regard to "lands under the shallow waters of San Jacinto Bay, which is an arm of Galveston Bay" and at times was not covered with water. The same was held in the case of Rosborough v. Picton, 12 Tex. Civ. App. 113, 34 S. W. 791, 43 S. W. 1033, and that case was quoted and approved in the De Merit Case.

In no event were the allegations sufficient to show that appellee had been guilty under the law of charging illegal fees for surveying land in Nueces county, and the judgment should be and is affirmed.