### ROOSTH v. STATE et al.
### No. 3251.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

Rehearing Granted Sept. 19, 1935.

F. W. Fischer, of Tyler, for appellant.

William McCraw, Atty. Gen., and Tom D. Rowell, Jr., and Archie D. Gray, Asst. Attys. Gen., for appellees.

HIGGINS, Justice.

The state of Texas and the Railroad Commission, on January 26, 1934, filed this suit in the district court of Gregg county against Sam Roosth and Benny Roosth, who were alleged to be residents of Smith county, Tex., to recover statutory penalties for alleged violations of orders of the Railroad Commission for the prevention of "waste" in the East Texas Oil Field. Upon trial without a jury judgment was rendered in favor of the state against Sam Roosth for $5,000, who appeals.

Appellant presents two assignments of error. The first complains of the overruling of a special exception to the petition; the second questions the sufficiency of the evidence to support the judgment.

■ It was alleged the defendants had violated various orders of the commission. The exception mentioned complained of the petition as lacking definiteness and certainty. In actions to recover penalties, strictness of pleading and proof is required. Hedgepeth v. Hamilton Warehouse Co., 104 Tex. 496, 140 S. W. 1084. The facts constituting the offense must be averred with the same certainty as would be required in a bill of indictment. The facts must be averred. Mere inference will not aid the allegations. State v. Williams, 8 Tex. 255; Dorrance & Co. v. International R. Co. (Tex. Civ. App.) 126 S. W. 694; Kansas City R. Co. v. Cole (Tex. Civ. App.) 149 S. W. 753; Missouri R. Co. v. Harrell Gin Co. (Tex. Civ. App.) 187 S. W. 376.

In accordance with the rule it is necessary to specifically allege the facts supporting the venue of the action as laid. Redus v. Blucher (Tex. Civ. App.) 207 S. W. 613.

It is by inference only that the venue of this suit can be considered as properly laid in Gregg county. Under the authorities this is insufficient. The facts authorizing the suit to be brought in Gregg county should have been specifically averred. The exception was improperly overruled, for which error the judgment will be reversed.

The evidence supports the judgment rendered. Since the case must be retried we will not discuss the same.

Reversed and remanded.

### On Rehearing.

■ Upon more careful consideration of the petition, the conclusion is reached that the acts complained of are alleged to have been committed in Gregg county with sufficient certainty.

The appellant's well is alleged to be in block No. 1, Red Bird addition, Gladewater townsite, Dillars survey, Gregg county, Tex. The subsequent references in the petition to

said well and its operation necessarily relate to the well mentioned and sufficiently allege the venue in Gregg county. Strickland v. State, 7 Tex. App. 34; Moss v. State, 47 Tex. Cr. R. 459, 83 S. W. 829; Butler v. State, 46 Tex. Cr. R. 287, 81 S. W. 743; Aguar v. State (Tex. Cr. App.) 47 S. W. 464.

As heretofore held, we regard the evidence as sufficient to support the judgment rendered. No purpose would be served by quoting same, and to do so would unnecessarily lengthen this opinion.

The motion for rehearing is granted, and the judgment affirmed.