JOHNSON REFINERY v. STATE et al.
No. 3257.

Court of Civil Appeals of Texas. El Paso.
July 11, 1935.

Rehearing Denied Sept. 19, 1935.

F. W. Fischer, of Tyler, for appellant.

William McCraw, Atty. Gen., and Archie D. Gray and Tom D. Rowell, Jr., Asst. Attys. Gen., for appellees.

WALTHALL, Justice.

This is a suit by the state and Railroad Commission against H. I. Johnson, doing business under the name of Johnson Refinery, to recover statutory penalties for alleged violations of orders of the Railroad Commission made under the oil and gas conservation acts and applying to the East Texas Oil Field.

The case was tried without a jury and judgment rendered November 2, 1934, in favor of the state for $14,600. Findings and conclusions were not filed by the trial court.

It was alleged by plaintiffs the defendant was engaged in storing and transporting oil and operating a refinery. The order of the commission dated February 15, 1933, was alleged which provided that no oil produced in the East Texas Field should be delivered, accepted, transported, or otherwise handled by any person, firm, or corporation without having a tender therefor as provided in the order.

It was alleged that on September 29, 1932, the commission "promulgated its order, requiring among other things, each refinery to file its daily report with the Oil and Gas Division of the Railroad Commission, showing the amount of oil purchased each day and from whom purchased, and showing the amount of oil sold each day and/or run to stills and processed each day. That likewise said order required the filing of a monthly report, giving a recapitulation of said daily data and report, which said order was readopted by the Railroad Commission of the State of Texas, on March 12, 1934, as in such cases made and provided by law, and that on April 3, 1934, the Railroad Commission of the State of Texas, promulgated its order requiring substantially that the same things be done as had originally been required by the order of September 29, 1932, and as readopted on March 12, 1934."

It was further alleged that "on the days of April 1, 1934, through April 6, 1934, and on April 8, 9, 15, 16, 17, 18, 19, 29 and 30, 1934, and on May 12, 1934, to May 16, 1934, inclusive, and on May 24, 26 and 27, 28 and 29, 1934, defendant purchased or transported or handled an aggregate of thirteen thousand nine hundred and twelve (13912) barrels of crude oil, all or part of which was produced in excess of the amount allowed by the orders, rules and regulations of the Railroad Commission hereinabove set out, and without in any manner complying with said order of February 15, 1933."

It was also alleged the defendant had "daily refined or processed crude oil, and has failed and refused and still fails and refuses to comply with said orders of the Railroad Commission of Texas, dated September 29, 1932, as readopted on March 12,

1934, after the passage of said House Bill 99, and the signing of same by the governor, and filing with the Secretary of State on March 9, 1934, and said order of April 3, 1934. And on the following date, to wit, March 9, 1934, to June 14, 1934, all days inclusive, the defendant particularly and specifically failed to file any daily report with the Oil and Gas Division of the Railroad Commission, showing among other things, the amount of oil purchased each day and from whom purchased, and showing the amount of oil sold each day and from whom purchased, and showing the amount of oil sold each day and/or run to stills and processed each day, and has further failed and refused and still fails and refuses to file a monthly report, giving a recapitulation of said daily data and report, all of which is required by the order of September 29, 1932, as readopted on March 12, 1934, and said order of April 3, 1934."

The judgment is based upon evidence showing violations as alleged of the orders of the commission above mentioned.

Briefly stated, the propositions submitted by appellant are as follows:

(1) The petition is lacking in the certainty required in suits of this character, in that it nowhere alleges the county in which the defendant violated the orders of the commission, wherefore the court erred in overruling defendant's general demurrer and a special exception to the petition.

(2) The court erred in rendering judgment assessing penalties for violations of the orders of February 15, 1933, and April 3, 1934, for it was not alleged or proven that said orders were made after notice and hearing as required by section 5 of chapter 313, Acts 41st Leg., 1929, p. 694 (article 6036a, Vernon's Ann. Civ. St.).

(3) The order of February 15, 1933, is not authorized by any statute, and while the order of April 3, 1934, is authorized by chapter 45, Acts 43d Leg., 2d Called Sess., p. 104, § 1, effective March 9, 1934 (article 6049c, § 5, Vernon's Ann. Civ. St.), commonly known as "House Bill 99," yet such act did not prescribe any penalty for its violation or for the violation of any order of the commission promulgated thereunder.

(4) Penalties, under article 6036, R. S., as amended in 1931, by chapter 26, § 3, Acts 42d Leg., 1st Called Sess., p. 46 (article 6036, Vernon's Ann. Civ. St.), cannot be assessed for violating an order of the commission, because no method is provided by law for giving notice of the orders of the commission.

(5) The penalties sued for in this case are not recoverable because said amended article 6036 was by implication repealed by the second section of Senate Bill 21, chapter 64, Acts 43d Leg., 1934, 3d Called Sess., p. 120, which became effective in December, 1934.

■ In actions to recover penalties, strictness of pleading and proof is required. Hedgepeth v. Hamilton Warehouse Co., 104 Tex. 496, 140 S. W. 1084. The facts constituting the offense must be averred with the same certainty as would be required in a bill of indictment. Mere inference will not aid the allegations. 25 C. J. p. 1197, § 112; State v. Williams, 8 Tex. 255, 265; Dorrance & Co. v. International, etc., R. Co., 53 Tex. Civ. App. 460, 126 S. W. 694; Kansas City, etc., R. Co. v. Cole (Tex. Civ. App.) 149 S. W. 753; Missouri, etc., R. Co. v. Harrell Gin Co. (Tex. Civ. App.) 187 S. W. 376.

In Redus v. Blucher (Tex. Civ. App.) 207 S. W. 613, Chief Justice Fly said: "It is the settled law in Texas that the petition in a case in which penalties are sought to be recovered should state all the statutory requirements with the same degree of certainty as is required in an indictment in a criminal case. [Citing authorities.] There can be no doubt that an allegation of venue is essentially necessary when it is sought by a bill of indictment to charge a person with a crime, and, if such allegation be necessary in a suit for a penalty, then the petition in question was subject to general demurrer because there is no allegation as to where the land, which was surveyed, was situated, nor where the excessive fees were demanded and received."

Under article 6036, R. S., as amended by chapter 26, § 3, Acts 42d Leg., 1931, 1st Called Sess., p. 46, the venue in actions to recover penalties for violation of the rules, regulations, and orders of the commission such as here involved, is fixed "in the county in which the violation occurs."

■ In support of the venue of this suit in Gregg county, counsel for appellees refer to this allegation of the petition: " * * * during all the time herein mentioned, in addition to the other activities herein set out, defendant was engaged in the refining business at Kilgore, Gregg

County, Texas, and has daily refined or processed crude oil, and has failed and refused and still fails and refuses to comply with said orders of the Railroad Commission of Texas, dated September 29, 1932, as readopted on March 12, 1934, after the passage of said House Bill 99, and the signing of same by the governor, and filing with the Secretary of State on March 9, 1934, and said order of April 3, 1934, and on the following date to-wit: March 9, 1934, to June 14, 1934, all days inclusive, the defendant particularly and specifically failed to file any daily report with the oil and gas division of the Railroad Commission, showing among other things, the amount of oil purchased each day and from whom purchased, and showing the amount of oil sold each day and from whom purchased, and showing the amount of oil sold each day and/or run to stills and processed each day, and has further failed and refused and still fails and refuses to file a monthly report, giving a recapitulation of said daily data and report, all of which is required by the order of September 29, 1932, as readopted on March 12, 1934, and said order of April 3, 1934."

It may reasonably be inferred from these allegations that in the operation of the refinery at Kilgore in Gregg county the defendant violated the orders mentioned, but under the authorities cited above the venue must be specifically alleged and not left to mere inference. The petition was demurrable for want of certainty in the allegation fixing the venue in Gregg county.

■ Appellant's second proposition assumes it was necessary for plaintiffs to plead and prove the orders of February 15, 1933, and April 3, 1934, were made after notice and hearing as required by law.

Section 8 of the Acts of the 42d Legislature (1932) at its 4th Called Session, chap. 2, p. 3, reads: "Any interested party affected by the conservation laws of this State relating to crude petroleum oil or natural gas, and the waste thereof, including this Act, or by any rule, regulation or order made or promulgated by the Commission thereunder, and who may be dissatisfied therewith, shall have the right to file a suit in a court of competent jurisdiction in Travis County, Texas, and not elsewhere, against the Commission, as defendant, to test the validity of said laws, rules, regulations or orders. Such suit shall be advanced for trial and be determined as expeditiously as possible and no postponement thereof or continuance shall be granted except for reasons deemed imperative by the Court. In all trials under this section, the burden of proof shall be upon the party complaining of such laws, rule, regulation or order and such laws, rule, regulation or order so complained of shall be deemed prima facie valid until otherwise shown."

The effect of this act was to impose upon any interested party affected by the orders in question desiring to contest the validity thereof to directly attack such orders by suit in Travis county. In such suit the orders would be deemed prima facie valid, and the burden of establishing their invalidity for any reason rests upon the complaining party.

In Producers' Refining Co. v. Missouri, etc., R. Co. (Tex. Com. App.) 13 S.W.(2d) 679, Judge Speer said:

"The orders of the Railroad Commission are to be likened to the judgments of courts. While the commission is not a part of our judiciary system, nevertheless its duties are quasi judicial, and its functions, in many respects, are those of a court. Aransas Harbor, etc., Co. v. Taber (Tex. Com. App.) 235 S. W. 841; Railroad Commission of Texas v. San Antonio Compress Co. (Tex. Civ. App.) 264 S. W. 214, writ refused [114 Tex. 582, 278 S. W. 1115]; Missouri K. & T. Ry. Co. v. State (Tex. Civ. App.) 275 S. W. 673. Whether it be treated as a tribunal of general or limited jurisdiction, the sanctity of its orders is the same. All of our courts are courts of limited jurisdiction, but, once they hear and determine a matter within their jurisdiction, the judgment becomes final as against all collateral attacks. It can only be set aside or vacated by some direct attack as by appeal or proceeding to vacate. The order of our Railroad Commission within the limits of its jurisdiction is exactly analogous. It is the one tribunal with power to make rates affecting common carriers. When it establishes a rate, it necessarily finds that such rate is neither unreasonable nor discriminatory. The order, therefore, is not in violation of, but in exact keeping with, the requirements of the Constitution and statute. To hold as we are urged to hold by the plaintiffs in error would be to deny that any tribunal can establish a lawful rate in any given instance as against a subsequent claim that such rate is in violation of the requirements of reason and

fairness. Such rules would bring about chaotic results and leave rates to be determined at any time their validity might be called in question, in any court having jurisdiction of the amount involved in the particular controversy. No rate would be legal in the sense that any carrier would be bound to respect it, or shipper to pay it. Such a rule is too precarious.

"The framers of the Constitution, in authorizing a Railroad Commission, and the Legislature, in creating it, clearly contemplated that its chief function would be to fix rates binding alike upon carrier and shipper, subject to revision only in the mode expressly pointed out in the statute. That method is not followed if we permit a rate once duly established by the commission to be attacked at will by any person affected. The remedy for an erroneous rate once established by the commission is by a new rate either by the commission itself, on the one hand, or by application to the district court as provided by statute."

Appellant seeks here to collaterally attack the validity of the orders mentioned for want of previous notice and hearing. This is not permissible. Appellant's remedy for relief against the orders, if in fact they were invalid for want of notice and hearing, was by suit as provided in the act quoted. In this connection it may be observed the appellant pleaded that such orders were made without notice and hearing, but no proof thereof was offered.

As to the third point, we are of the opinion the order of February 15, 1933, was authorized by that portion of article 6029, R. S., as amended by the Acts of the 42d Leg. (1932), 4th Called Sess., c. 2, p. 3, § 7, effective November 12, 1932 (Vernon's Ann. Civ. St.), which reads:

"The Commission shall make and enforce rules, regulations or orders for the conservation of crude petroleum oil and natural gas and to prevent the waste thereof, including rules, regulations or orders for the following purposes: * * *

"(8) It shall do all things necessary for the conservation of crude petroleum oil and natural gas and to prevent the waste thereof, and shall make and enforce such rules, regulations or orders as may be necessary to that end."

Such order bears a just and reasonable relation to the conservation of crude petroleum oil and to prevent its waste and was therefore authorized. Danciger O. & R. Co. v. Railroad Commission (Tex. Civ. App.) 49 S.W.(2d) 837.

Article 6036, R. S., as amended by section 3 of the Acts of the 42d Leg., 1st Called Sess., ch. 26, p. 46, authorizes the impositions of the penalties in question for the violations of the orders of April 3, 1934.

The record shows that appellant knew of the orders by the commission involved in this case and knowingly violated same because he believed they were unconstitutional. Having actual knowledge of such orders, the fourth contention of appellant presents no defense.

Judgment was rendered prior to the effective date of Senate Bill 21, chapter 64, Acts 43d Leg., 1934, 3d Called Sess., p. 120, but the appellant's fifth contention will arise upon retrial. We are of the opinion it is without merit. Jessee v. De Shong (Tex. Civ. App.) 105 S. W. 1011.

The first proposition submitted by appellant is the only one which we regard as showing any error.

Reversed and remanded.