### ELIZA GALLAGHER v. JOHN H. RAHM ET AL.

#### No. 754.

**Jurisdiction of Supreme Court—Conflict with Other Decisions.**

That the ruling of the Court of Civil Appeals is in conflict with the decisions of this court, or with the rulings of another Court of Civil Appeals, is not a ground of jurisdiction in the Supreme Court to grant the writ of error in cases in which the jurisdiction of the Court of Civil Appeals is final...... 514

APPLICATION for writ of error to Court of Civil Appeals for Fourth District, in an appeal from the District Court of Bexar County.

Suit was by Rham et al. for $500 on breach of warranty against Eliza Gallagher, a remote warrantor of title to a tract of land. Plaintiff recovered $280. The defendant appealed, and the judgment was reversed by Court of Civil Appeals and judgment was rendered for the defendant, upon the ground that a deed by a receiver, under which the plaintiff claimed, was void for want of a sufficient description of the land. The applicant insisted that the case should have been remanded, etc.

It was urged, that the action of the Court of Civil Appeals in rendering final judgment upon the reversal of the trial judgment was contrary to the rule of practice in such cases acted upon by the Supreme Court, in McConnell v. Wall, 67 Texas, 353; Taylor v. Ashley, 15 Texas, 57; Gunter v. Armstrong, 2 Texas Civil Appeals, 602; Harkness v. Divine, 73 Texas, 628; Wells v. Littlefield, 62 Texas, 32; Bank v. Thomas, 69 Texas, 240; Clark v. Cummings, 84 Texas, 610; Rust v. Burke, 57 Texas, 341; Curdy v. Stafford, ante, p. 120.

*Barnard & McGown,* for application for writ of error.

GAINES, CHIEF JUSTICE.—There is a want of jurisdiction in this court to grant a writ of error in this case. It is one which, under the Constitution, could have been brought in the County Court. The Court of Civil Appeals reversed the judgment of the trial court and rendered a judgment for appellant. In order to show jurisdiction in this court, it is claimed in the application that the ruling of the Court of Civil Appeals in this case is in conflict with the ruling of this court and of another Court of Civil Appeals. Such a conflict of decision gives jurisdiction to this court only in cases in which the judgment

of the Court of Civil Appeals is not final, and that court has reversed the judgment of the trial court and remanded the cause. Langsdale v. Railway, ante, p. 513.

The application is dismissed for want of jurisdiction.

*Dismissed.*

Delivered October 10, 1895.