### D. P. Hedgepeth v. Hamilton Warehouse Company.

No. 2175.   Decided November 22, 1911.

**1.—Penalty—Pleading and Proof.**

In actions to recover penalties, strictness of pleading and proof is required. (P. 497.)

**2.—Public Weigher—Penalty—Warehouseman.**

In article 4314, Revised Statutes, imposing a penalty upon "any factor, com-mission merchant, or any other person" employing other than a qualified public weigher to weigh cotton, the words "any other person" are to be limited to persons of a like class as factors and commission merchants, that is to bailees with power to sell the article.   (Pp. 497, 498.)

**3.—Same.**

A mere warehouseman without power to sell is not subject to the penalty pronounced by article 4314, Revised Statutes, for having cotton in his hands weighed by other than the public weigher.   A petition charging him with having the same weighed by such other person for the purpose of ascertaining its weight for sale or for loaning money upon it was insufficient to support a recovery of the penalty, without allegation that he sold it or advanced money upon it.   One merely storing cotton for customers was not subject to the penalties of the statute.   The Act was for the protection of bailors placing property in the hands of factors, commission merchants, or other bailees authorized to sell.   (Pp. 496-498.)

Error to the Court of Civil Appeals, Third District, in an appeal from Hamilton County.

Hedgepeth sued the Warehouse Company.   Defendant had judgment.   Plaintiff appealed, and on affirmance, obtained writ of error.

*Eidson & Eidson,* for plaintiff in error, cited:   Rev. Stats., arts. 4314, 4316;   Acts, 1903, p. 216;   Watt & Wedemyer v. Jowers, 61 Texas, 184.

*Langford & Chesley,* for defendant in error, cited:   Whitfield v. Terrell Comp. Co., 26 Texas Civ. App., 235;   Galt v. Holder, 32 Texas Civ. App., 564;   Gray v. Eleazer, 43 Texas Civ. App., 417.

Mr. Justice Ramsey delivered the opinion of the court.

By his first amended original petition filed in the District Court of Hamilton County the plaintiff in error complained of the Hamilton Warehouse Company and sought to recover of it penalties in the sum of $48,000 as well as the sum of $960 claimed as fees, of which, by the wrong of said defendant, he was deprived.

After alleging his election and due qualification as public weigher, the petition, in the charging part of same, alleged in substance that "notwithstanding plaintiff's duty and rights aforesaid, the defendant company, which was at all times hereinafter alleged engaged in the business of 'constructing and maintaining public warehouses for the storage of products and commodities, and the purchase and sale of products and commodities, together with the loaning of money on such products and commodities,' it at all of said times, acting under and by virtue of a charter granted by the State of Texas, May the 13th, 1907, authorizing it to engage in the aforesaid business, but in no other, did,

without the consent of plaintiff and in violation of his rights aforesaid, employ C. A. Souer, Will Hall and Olli McDurman, neither of whom was a public or deputy public weigher for said precinct, to weigh the hereinafter mentioned cotton. In this connection, plaintiff says that all of said cotton weighed by the aforesaid parties was weighed at the said town of Hamilton in said precinct, either for the purpose of ascertaining its weight for sale, or for loaning money on it, or for both of said purposes, none of which cotton belonged to defendant company, but belonged to various persons, principally farmers." The remaining portion of the petition is unimportant and need not be here set out as the right of plaintiff in error must and does depend on the sufficiency of the allegations above copied. To this petition the defendant company interposed a general demurrer and certain special exceptions which were by the trial court sustained and the plaintiff declining to amend the suit was dismissed. From this judgment an appeal was seasonably prosecuted to the Court of Civil Appeals of the Third Supreme Judicial District where on hearing the judgment of the District Court was affirmed, and thereafter a writ of error was, on application, granted by this court.

On a more careful and particular review and study of the allegations of the petition, in the light of the statute under which the suit was brought and a careful study of the statutes and decisions controlling the case we have no doubt that the disposition made of the case by the trial court and the Court of Civil Appeals was correct and that said judgments should be affirmed. The true and correct solution of the question in the cases involves and requires a correct interpretation of article 4314 of our Revised Statutes. This article is as follows:

"It shall not be lawful for any factor, commission merchant, or any other person or persons to employ any other than a regularly appointed and qualified public weigher or his deputy to weigh any cotton, wool, sugar, or hides required to be weighed, sold or offered for sale in any city having a public weigher duly qualified; and any person or persons violating this provision shall be liable, at the suit of the public weigher of any such city, or either of such public weighers, to damages in any sum not less than $5.00 for each bale of cotton, bale or sack of wool, hogshead or barrel of sugar, or bale of hides so unlawfully weighed, to be recovered in any court of such county having jurisdiction thereof; provided, any owner shipping any produce named in this article to any town or city having a public weigher may, by written instructions, authorize his factor, commission merchant or agent to have such produce weighed by private weighers if he prefers so to do and in all such cases the prohibitions and penalties embraced in this article and in the preceding articles shall not apply."

As said by Chief Justice Garrett in Whitfield v. Terrell Compress Company, 26 Texas Civ. App., 235: "In actions to recover a penalty, strictness of pleading and proof is required. The Act under consideration is highly penal in its character and it is only for a willful disregard of the law that its penalties should be inflicted." A study of the Act in question compels the construction that it was intended to apply to factors and commission merchants and other persons en-

gaged in a like business. The words, "or any other person or persons," appearing in the statute, must, under all the rules of construction, be held to be limited to persons of a like class as factors or commission merchants. This is rendered certain not only by the evident design of the Act, but is also made certain by its own terms and provisions. In the concluding sentence of the Act quoted, authority is given in writing to waive the provisions of the article as to a factor, commission merchant or *agent.* The words commission merchant and factor have a fairly well defined meaning. There is involved always in the meaning of factor and commission merchant the authority to sell the merchandise or products consigned for his principal and the right to receive compensation therefor, usually called factorage or commission. These consignments were usually made by the principal to his commission merchant or factor at a remote point, where the owner would have no control, supervision and but little information of the details of sales of his product and especially in the matter of weighing. Therefore to guard against false weights and thus assure the consignor a correct estimation of the weight of his consignment this law was enacted. The inclusion of the language "or any other person or persons" in the Act was merely to apply the same rule to any one occupying a similar status or rendering a like service as a factor or commission merchant, although he might not fall within the precise limits or definition of the particular class named.

If these views are sound then it is obvious that the petition does not state a cause of action. There is no allegation in the petition that the defendant sold cotton for the owner for a commission or other compensation, or that it sold it at all. There is no allegation that it loaned money on cotton weighed by it. The allegation is merely that it weighed cotton for the purpose of ascertaining its weight for sale or for loaning money on it, or for both of said purposes. This is a business in line with and wholly consistent with its duty of a warehouse man. The weighing was not forbidden by statute and neither the penalties nor fees claimed can be recovered. In the case of Galt v. Holder, 32 Texas Civ. App., 564, Mr. Justice Bookout, after a fine analysis and thorough discussion of the statute in question, and others related and allied to it, held that the law does not prohibit a person engaged in storing cotton for customers, who did not transact business as a factor or commission merchant, from weighing same for his customers. The following additional cases are in point and support the conclusion reached. Watt & Wedemyer v. Jones, 61 Texas, 184; Ex parte Hunter, 34 Texas Cr., 114; Martin v. Johnson, 11 Texas Civ. App., 628; Gray v. Eleaser, 43 Texas Civ. App., 417.

Finding no error in the judgment of the Court of Civil Appeals it is ordered that same be as it is hereby in all things affirmed.

*Affirmed.*