## SAM PASCHAL v. HUGH INMAN.

### No. 2498.  Decided June 18, 1913.

**1.—Jurisdiction of Supreme Court—Conflict of Decisions.**

The Supreme Court has jurisdiction on the ground of conflict of decisions only in cases in which the jurisdiction of the Court of Civil Appeals is not final and it has reversed and remanded the case. Rev. Stats., 1911, art. 1522; Gallagher v. Rahm, 88 Texas, 514.  (P. 129.)

**2.—Same—Practice.**

Though writ of error was improperly granted on the ground of conflict of decisions, it being a case affirmed on appeal and one in which the jurisdiction of the appellate court was final, yet, where the jurisdiction of the Supreme Court was sustainable on other grounds, it may proceed to determine the case and resolve the conflict of decisions.  (P. 129.)

**3.—Public Weigher—Restriction of Liberty of Calling.**

The business of weighing goods for others is an occupation which private parties are at liberty to follow unless restrained by a valid exercise of the police power of the State. Not being dependent upon legislative sanction, authority for its abridgment must rest upon some positive legal inhibition, and is not to be inferred from the repeal of a statutory proviso permitting it. (P. 130.)

**4.—Public and Private Weighers—Civil Statute.**

Article 7833, Rev. Stats., 1911, forbids the employment and services of private weighers, where a public weigher has been elected, only to factors, commission merchants, or persons engaged in similar occupations.  (Pp. 130, 131.)

**5.—Same—Penal Code.**

Article 996, Penal Code, 1911, prohibits the weighing of merchandise there enumerated by other persons than the public weigher only in a city having such duly qualified public weigher. It does not apply to a justice precinct, though an official public weigher has been elected therein.  (Pp. 131, 132.)

**6.—Cases Discussed.**

Perry v. Carlisle, 151 S. W., 1155, disapproved. Hedgepeth v. Hamilton Warehouse Co., 104 Texas, 496; Whitfield v. Terrell Comp. Co., 26 Texas Civ. App., 235; Galt v. Holder, 32 Texas Civ. App., 564; Davis v. McInnis, 35 Texas Civ. App., 594; Gray v. Eleazer, 43 Texas Civ. App., 417, approved and followed. (P. 129.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Wood County.

Paschal sued Inman for injunction, and obtained writ of error on the affirmance, on his appeal, of a judgment dissolving it.

*J. H. Beavers,* for plaintiff in error, cited: Rev. Stats., arts. 4316, 4316b; Davidson v. Saddler, 23 Texas Civ. App., 600, 57 S. W., 54.

*Wilkinson & Wilkinson,* for defendant in error.—There is nothing in the law that prohibits a private weigher from weighing cotton and other produce for any person except a factor or commission merchant or a person of the same class or similarly employed. Hence any person may equip himself with scales and books and run a yard for weighing and storing cotton for the owners thereof and may solicit such business provided he is not of the class mentioned and does not weigh for such class.

State v. Watts, 81 Texas, 184; Johnson v. Martin, 75 Texas, 33; Martin v. Johnson, 11 Texas Civ. App., 628; Ex parte Hunter, 34 Texas Crim., 114; Smith v. Wilson, 18 Texas Civ. App., 24; Whitfield v. Terrell Compress Co., 26 Texas Civ. App., 235; Galt v. Holder, 32 Texas Civ. App., 564; Davis v. McInnis, 35 Texas Civ. App., 594; Gray v. Eleazor, 43 Texas Civ. App., 417; Hedgpeth v. Hamilton, 128 S. W., 709; Hedgpeth v. Hamilton, 104 Texas, 496.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

Alleging himself to be the duly elected and qualified public weigher of justice precinct No. 4 of Wood County, Sam Paschal instituted this suit to restrain Hugh Inman from conducting the business of a private weigher in such precinct and for the recovery of damages. Inman was not a factor or commission merchant or engaged in like business, and is not charged with having been employed to do any weighing for those engaged in such business. A temporary restraining order was issued by the district judge and afterwards dissolved upon hearing at chambers. The Honorable Court of Civil Appeals for the Fifth District affirmed the order of dissolution, holding that Inman was entitled to pursue his business of private weighing in the precinct notwithstanding Paschal's election and qualification as the official public weigher. 151 S. W., 569. A writ of error was granted because of the conflict with this holding produced by the decision of the Honorable Court of Civil Appeals for the Seventh District in the case of Perry v. Carlisle, 151 S. W., 1155, to the effect that a duly elected public weigher of a justice precinct is entitled to enjoin the pursuit of the business of the private weighing of cotton, wool, sugar or hides by other persons in such precinct. This was not a ground authorizing the granting of the writ and it was improperly granted, since our jurisdiction, because of such a conflict of decision, exists only in cases of which the jurisdiction of the Court of Civil Appeals is not final, and in which it has reversed the judgment of the trial court and remanded the cause. Art. 1522, Rev. Stats., 1911; Gallagher v. Rahm, 88 Texas, 514. But as the case is one of which we could have assumed jurisdiction upon other grounds, if deemed sufficient, and is before us, it is probably best that we settle this conflict of decision.

We shall only briefly express our views; as, in our opinion, the holding of the Court of Civil Appeals in the present case is in accord with the established rule of decision upon the question. Hedgpeth v. Hamilton Warehouse Co., 104 Texas, 496, 140 S. W., 1084; id., 128 S. W., 709; Whitfield v. Terrell Compress Co., 26 Texas Civ. App., 235, 62 S. W., 116; Galt v. Holder, 32 Texas Civ. App., 564, 75 S. W., 568; Davis v. McInnis, 35 Texas Civ. App., 594, 81 S. W., 75; Gray v. Eleazer, 43 Texas Civ. App., 417, 94 S. W., 911.

The decision of the Court of Civil Appeals for the Seventh District in Perry v. Carlisle is based upon the omission from article 4308, title 90, of the Revised Statutes of 1895, as amended by the Act of 1889 (Acts of 1889, p. 264) and now article 7828, title 132, Revised Statutes of

1911, of the proviso originally enacted as a part of section 1 of the Act of 1883 (Acts of 1883, p. 83), as follows: "Provided, nothing herein contained shall be construed so as to prevent any other person from weighing cotton, wool or hides when requested so to do by the owners thereof"; and also upon article 996, Revised Criminal Statutes of 1911, which is: "It shall not be lawful for any person other than a regularly appointed weigher, or his deputy, to weigh any cotton, wool, sugar or hides required to be weighed, sold or offered for sale in any city having a public weigher duly qualified. Any person or persons so offending shall be deemed guilty of a misdemeanor, and, upon conviction before any court of competent jurisdiction, shall suffer a fine of five dollars for each and every bale of cotton, bale or sack of wool, hogshead or barrel of sugar, bale or loose hide, so weighed." Its holding is that because the proviso noted was omitted in the enactment of present article 7828 and by article 996 of the present Penal Code it is made unlawful for any person other than "a regularly appointed weigher, or his deputy" to weigh certain products in "a city" having a duly qualified public weigher, the business of the private weighing of such products in a justice precinct where an official public weigher has been elected, may not be conducted.

The business of private weighing is a legitimate vocation and falls within those ordinary occupations of life which the citizen is privileged to follow as an inalienable right, subject only to such restraints and limitations as may be imposed in a valid exercise of the police power of the State. Since the liberty of pursuit as to such a calling is not dependent upon legislative sanction, the authority for its abridgment must rest in some positive and valid legal inhibition. The omission from the amendment of 1899 of the proviso of the Act of 1883 would not of itself, therefore, operate as a proscription of the business of private weighing.

It is clear that article 996 of the Penal Code does not relate to the private weighing of any products in a justice precinct where a public weigher has been elected. It is a re-enactment of section 7 of the Act of 1879. (Acts of 1879, p. 116.) It was not carried forward into the revised Penal Code of 1879. Its provisions were partly embraced, however, in article 4088 of the Revised Civil Statutes of 1879, as were the provisions in part of section 8. In this article civil damages only were made recoverable for its violation. Article 4088 of the Revised Civil Statutes of 1879 was not re-enacted in the revision of 1895, but in its exact language section 7 of the Act of 1879 was enacted as article 577 of the revised Penal Code of 1895, and has been carried into the present Code as article 996.

Section 1 of the Act of 1879 provided only for the appointment of public weighers in six designated cities of the State and in such other cities and towns as the Governor might deem expedient. As amended by the Act of 1883 and re-enacted as article 4308, Revised Statutes, 1895, it provided for two distinct classes of public weighers, one appointive by the Governor in cities receiving annually over one hundred

thousand bales of cotton, and the other elective for cities, towns and railroad stations receiving annually less than one hundred thousand bales.

Article 7828, Revised Statutes of 1911, being article 4308 of the Revised Statutes of 1895, as amended by the Act of 1889 (Acts of 1889, p. 264), likewise provides for two distinct classes, one appointive in cities receiving annually one hundred thousand bales of cotton, and the other elective in justice precincts in counties having no city or cities for which the Governor is by the Act authorized to appoint public weighers. The article of the Penal Code, upon which the decision in Perry v. Carlisle was in part predicated, attempts to make unlawful only the weighing of certain products in *"a city"* by persons other than "a regularly *appointed* weigher or his deputy." The history of the legislation and its own terms plainly reveal that it has no application to private weighing in a *justice precinct* having a regularly *elected* weigher, which was the character of case presented in Perry v. Carlisle and is here involved, even if it is conceded to be a valid qualification of the dominion of an owner over his property and the right of the citizen to engage in such an occupation.

It is clearly recognized in the present statutes that the election of a public weigher in a justice precinct shall not operate as a denial to all persons of the right to therein pursue the business of private weighing. Article 4314, Revised Statutes of 1895, as amended by the Act of 1899, now article 7833, Revised Statutes, 1911, is as follows: "It shall not be lawful for any factor, commission merchant, or other person or persons, to employ any other than a public weigher, or his deputies, to weigh cotton, wool, sugar, hay, or grain, or other produce, sold or offered for sale in any city or justice precinct having a public weigher duly qualified; and any person or persons violating the provisions of this article shall be liable at the suit of the public weigher of such city or justice precinct to damages in any sum not less than five dollars for each bale of cotton, bale or sack of wool, ton of hay, or ton of grain, so unlawfully weighed, to be recovered in any court having jurisdiction thereof."

It was held by this court in Hedgpeth v. Hamilton Warehouse Co., 140 S. W., 1084, in keeping with the construction given in Whitfield v. Terrell Compress Co., and Galt v. Holder, that this article applies only to factors and commission merchants and persons engaged in similar business, and does not deny to others the right of private weighing or the privilege of availing themselves of the services of private weighers. The Legislature re-enacted the article as article 7833 in the revision of 1911 after it had received this construction in the two cases last named, in both of which writs of error were denied. As stated in Whitfield v. Terrell Compress Co., the purpose of this statute is not to protect a public weigher in his office, but to secure to owners of certain factored or consigned produce the rendition of honest weights and true accounts. To insure the weighing of the produce named by a public weigher in cities and justice precincts having such an official as a means

for the accomplishment of this purpose, it is made unlawful for factors, commission merchants and other persons engaged in like business to employ any other weigher to perform the service, which would also prohibit their weighing it themselves. The statute, however, does not propose to limit the right of other persons than the class named to make use of the services of private weighers, but leaves it unimpaired. With the right in all such other persons to employ their services there necessarily exists a corresponding right in private weighers to render the services and pursue the business. The article of the Penal Code was not adverted to in either of these decisions, but there can be no doubt that this statute permits private weighing for the public in justice precincts having an official weigher except as limited under this established construction of its provisions.

Furthermore, article 7830, Revised Statutes, 1911, being article 4310, Revised Statutes, 1895, as amended by the Act of 1899 and that of 1903 (Acts of 1903, p. 216), contains an express recognition of the right of private weighing for the public. After an enumeration of certain requirements to be observed by public weighers in respect to the marking of weights, the delivery of certificates, the keeping of records, etc., it concludes as follows: "The provisions of this article shall also apply to private weighers who are engaged in weighing for the public as well as to public weighers."

We are constrained, therefore, to disapprove of the holding of the Honorable Court of Civil Appeals for the Seventh District in Perry v. Carlisle, with due deference to that able court and the learned judge who wrote its opinion.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*