[1] This court, as stated in the original opinion, has uniformly dismissed appeals when motions were made therefor because the appellants' attorneys in scire facias cases have not, within the time required by law, filed their briefs in the lower court. We have treated, and will continue to treat, as long as the law is as it now is, all appellants alike. Besides, it is the law, and we should not, if we could, do otherwise. We cite only some of the cases: Conrad v. State, 9 Tex. App. 674; Young v. State, Id.; Duck v. State, Id.; Tiner v. State, Id.; Wilson v. State, Id.; Jay v. State, 34 Tex. Cr. R. 98, 29 S. W. 472; Lewis v. State, 38 S. W. 205; Sparks v. State, 47 S. W. 976; Mack v. State, 57 S. W. 811; Bringhurst v. State, 37 S. W. 757; Heiman v. State, 70 Tex. Cr. R. 480, 158 S. W. 276; Thetford v. State, 74 Tex. Cr. R. 650, 169 S. W. 1153. See, also, the following cases from the Courts of Civil Appeals, which are in point: Knight v. Simons, 168 S. W. 1018; Goodhue v. Leckie, 176 S. W. 647; Railway Co. v. Cave, 173 S. W. 988; Pagach v. Bank, 166 S. W. 50; Anderson v. Ineeda, 167 S. W. 33; Bowden v. Patterson, 108 S. W. 177, citing a large number of other cases; Buick v. O'Keefe, 174 S. W. 969.

[2] As we see it, the appellants really had no excuse, and have shown none, why the law was not complied with by filing briefs in the lower court within the proper time. The most that can be said is that it appears they all either overlooked the law or ignored it. Under the law and the decisions we cannot do otherwise than adhere to the original dismissal of this cause. Hence the motion for rehearing is overruled.

---

## CAMP v. NATIONAL EQUITABLE SOC. OF BELTON. (No. 3860.)

(Supreme Court of Texas. Feb. 7, 1917.)

COURTS ☞247(7) — JURISDICTION — SUPREME COURT — CONFLICT BETWEEN APPELLATE COURTS.

In a case in which the jurisdiction of the Court of Civil Appeals is made final by Rev. St. art. 1591, a conflict of decision between different Courts of Civil Appeals does not confer jurisdiction on the Supreme Court to grant a writ of error.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 752; Dec. Dig. ☞247(7); Appeal and Error, Cent. Dig. § 863.]

Action by Mrs. S. E. Camp against National Equitable Society of Belton. Judgment for the plaintiff was reversed, and judgment rendered for defendant by the Court of Civil Appeals (184 S. W. 589), and plaintiff applies for writ of error. Writ of error denied, and motion for rehearing overruled.

J. W. Hillman, of Texarkana, for applicant. L. H. Henry, of Texarkana, for defendant.

PHILLIPS, C. J. This was a suit instituted in the Justice Court, thereafter appealed to the County Court, to recover $110.00, the payment of which by the plaintiff, it was alleged, had been induced by fraudulent representations on the part of an agent of the defendant. The judgment of the County Court was reversed and judgment for appellant rendered by the Court of Civil Appeals. Application for writ of error was made to this court upon the ground that the decision was in conflict with that of another Court of Civil Appeals. It was dismissed for want of jurisdiction.

The case is one in which the judgment of the Court of Civil Appeals is by statute made final. Article 1591, Revised Statutes; Cole v. State, 106 Tex. 472, 170 S. W. 1036. In cases of which the jurisdiction of the Court of Civil Appeals is final, a conflict of decision does not confer jurisdiction upon this court to grant a writ of error. Gallagher v. Rahm, 88 Tex. 514, 32 S. W. 523. The motion is accordingly overruled.