MRS. S. E. CAMP V. NATIONAL EQUITABLE SOCIETY OF BELTON.

Application No. 9832.   Motion No. 3860.   Decided February 7, 1917.

**Supreme Court—Jurisdiction—Conflicting Cases.**

In a case in which the judgment of the Court of Civil Appeals is made final by the statute (suit originating in Justice Court. Rev. Stats., art. 1591; Cole v. State, 106 Texas, 472), the Supreme Court has no jurisdiction to grant writ of error though the ruling conflicts with that of another Court of Civil Appeals.   Gallagher v. Rahm, 88 Texas, 514, followed.

Application for writ of error to the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

The application for writ of error having been dismissed for want of jurisdiction, applicant moved for a rehearing, and his motion was overruled with a written opinion.

*J. W. Hillman,* for applicant.

*L. H. Henry,* contra.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This was a suit instituted in the Justice Court, thereafter appealed to the County Court, to recover $110, the payment of which by the plaintiff, it was alleged, had been induced by fraudulent representations on the part of an agent of the defendant.   The judgment of the County Court was reversed and judgment for appellant rendered by the Court of Civil Appeals.   Application for writ of error was made to this court upon the ground that the decision was in conflict with that of another Court of Civil Appeals.   It was dismissed for want of jurisdiction.

The case is one in which the judgment of the Court of Civil Appeals is by statute made final.   Art. 1591, Rev. Stats.; Cole v. State, 106 Texas, 472, 170 S. W., 1036.   In cases of which the jurisdiction of the Court of Civil Appeals is final, a conflict of decision does not confer jurisdiction upon this court to grant a writ of error.   Gallagher v. Rahm, 88 Texas, 514, 32 S. W., 523.   The motion is accordingly overruled.