### MARTIN, County Judge, et al. v. FOY. (No. 1853.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 16, 1921.)

1. **Weights and measures** ⊂⇒8—**Before the act of 1919 unofficial weighers could follow business.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7828–7835, which constituted the legislation on the subject of public weighers before the enactment of Gen. Laws 1919, c. 76, any person had the right to pursue the occupation of weigher for the public subject to the restriction of article 7833 that factors, commission merchants, etc., could not employ any one but a public weigher duly elected and qualified, and such private weigher was not required to give bond except as provided in article 7834, when there was no official public weigher.

2. **Weights and measures** ⊂⇒8—**Under act of 1919 unofficial weighers may follow business after giving bond.**

Under Gen. Laws 1919, c. 76, which recognized that public weighers might be elected and required them to give bond, provided by section 2 for the appointment of public weighers, and by section 6 prescribed their qualifications, but which by section 1 required all persons, firms, corporations, copartnerships, or individuals engaged in the business of public weighing for hire to comply with the act, and by section 13 imposed a penalty for engaging in such business without complying with the act, a person other than the duly elected or appointed public weigher was entitled to engage in the business of weighing for the public after giving bond as required by the act, so that a person desiring to engage in such business is entitled to mandamus to compel the commissioners' court to approve his bond.

Appeal from District Court, Fisher County; W. R. Chapman, Judge.

Petition by A. L. Foy for a writ of mandamus against W. C. Martin, County Judge, and others. From a judgment granting the writ, defendants appeal. Affirmed.

J. C. Randel, of Hamlin, for appellants.
Thomas & Pope, of Anson, for appellee.

BOYCE, J. The appellee, Foy, obtained a judgment of mandamus in the district court of Fisher county against the commissioners' court of said county, directing said court to approve his bond as public weigher of jus-tice's precinct No. 3 of Fisher county, Tex. It appears from the allegations of the petition for mandamus and from the agreed statement of facts that there was at the time of the tender of appellee's bond to the commissioners' court a duly elected, qualified, and acting public weigher in said justice's precinct, in the person of one J. W. Tyler; that appellee did not claim to be entitled to act as public weigher by virtue of any election or appointment, but, "being a citizen of said precinct, a man of integrity and morality, over 21 years of age, and in every other way qualified to act as public weigher of said justice's precinct, tendered a bond in the amount and conditioned as required by law of a public weigher in and for said precinct, with good and sufficient sureties," and requested the commissioners' court to act thereon. It was further alleged and agreed that the commissioners' court refused to approve said bond for the reason that the said J. W. Tyler was at the time duly elected, qualified, and acting public weigher of said precinct, "and in the judgment of the court it was not necessary that another public weigher be appointed or qualified to act in said justice's precinct, and that one public weigher was sufficient."

The legislation on the subject from which we are to determine what were the rights of the parties in the matter in issue is to be found in articles 7828–7835, Vernon's Sayles' Civil Statutes (article 7828 being amended by Acts Fourth Called Session of the Thirty-Fifth Legislature, p. 198), and in chapter 76 of the General Laws of 1919, pp. 122–127. The last act referred to only repeals "all laws and parts of laws in conflict" therewith. It does not attempt to cover the entire subject; for instance, it does not deal at all with the matter of election of public weighers, though throughout the act it is recognized that the office might be elective in certain precincts. So in order to discover the intent of the law it will be necessary to consider the provisions of the old law and compare these with the new.

[1] The old law provided for the appointment or election of public weighers and bonding of such official weighers, etc. Article 7830 of the law prescribed the duties of such weighers in reference to the conduct of the business, keeping records, etc., in some detail. The concluding sentence of this article reads:

"The provisions of this article shall also apply to private weighers who are engaged in weighing for the public, as well as to public weighers."

Since this article did not provide for the bond of the public weighers, we take it that the private weigher, weighing under the old law, was not required to give bond except when he came within the terms of article 7834. This article provided that—

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"In places where there are no public weighers appointed or elected any person who shall weigh cotton * * * shall be required before weighing such produce to enter into a bond with at least two good and sufficient sureties, in the sum of $2,500.00 approved and payable as in the case of public weighers referred to in this chapter, and conditioned that he will faithfully perform the duties of his office," etc.

Article 7833 provided that a certain class of persons should not employ any one but a public weigher to weigh produce offered for sale. The Supreme Court, in the case of Paschal v. Inman, 106 Tex. 128, 157 S. W. 1158, reviewed the law on this subject and came to the conclusion that the old law above referred to recognized that "the election of a public weigher in a justice precinct did not operate as a denial of all persons of the right to therein pursue the business of private weighing," and that the right to engage in such business was not prohibited or limited except that, under the provisions of article 7833, factors, commission merchants, and others engaged in a similar business were prohibited from employing any person except an official weigher to weigh produce offered for sale as therein provided. To summarize the old law, then: It provided for the election and appointment of official public weighers; it recognized the right of any person to pursue the occupation of a private weigher for the public, subject to the limitation contained in article 7833; it required the private weigher to comply with certain regulations in the pursuit of such occupation, but, except in the case provided in article 7834, did not require him to give bond. The inquiry now is: What, if any, change did the new law effect in the old?

[2] The new act provided for the appointment of public weighers and recognized that public weighers might be elected and required that such persons so appointed or elected should give bond, etc. It provided in section 2 of the act that—

"It shall be the duty of the commissioners' court of the various counties of Texas to appoint one public weigher for each justice precinct within each county in this state, when in their judgment it is necessary, and when no public weigher has previously been elected," etc.

This act further provides that the Governor shall appoint public weighers for certain cities. The act is composed largely of provisions regulating the conduct of public weighers so appointed and elected. Section 6 of the act is as follows:

"No person shall be appointed or elected a public weigher in this state, unless he shall be at least twenty-one years of age, and is of good moral character and unquestionable integrity. He shall have a fair education and be able to keep an accurate set of books as required by this act. He shall, before entering upon the duties of his office, take the constitu-

tional oath of office prescribed for all officers in this state, which oath of office shall be filed with the commissioners' court of the county in which he resides."

It is clear that the commissioners' court could not be required to appoint another official weigher for precinct No. 3 of Fisher county. But the act evidently contemplates that persons other than the public weigher who had been elected or appointed under the act might carry on the business of weigher. Section 1 of the act reads:

"All persons, firms, corporations, copartnerships, or individuals, engaged in the business of public weighing for hire, or any person, firm, or corporation who shall weigh or measure any commodity, produce, or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, produce, or article is based, shall be known as a public weigher, and shall comply with the terms and provisions of this act."

Section 13 of the act reads in part as follows:

"Any person, firm, or corporation, or agent or representative of such corporation, who shall engage in the business of weighing for the public, or shall grant or issue a certificate or weight sheet, upon which a purchase or sale is made, without complying with the terms of this act, shall be guilty of a misdemeanor," etc.

If it had been the intention of the Legislature to prohibit any person except an official weigher, elected or appointed under the terms of the law, from engaging in the business of weighing, it would have been easy to have expressed such intent, and there would have been no necessity for the provisions of section 1 and a part of section 13. It is plain that a corporation or copartnership could not be elected or appointed public weighers (section 6 of the act), and yet the law contemplated that they might engage in such business, as otherwise the language of section 1 is meaningless. The Supreme Court, in the case of Paschal v. Inman, supra, said:

"The business of private weighing is a legitimate vocation and falls within those ordinary occupations of life which the citizen is privileged to follow as an inalienable right, subject only to such restraints and limitations as may be imposed in a valid exercise of the police power of the state. Since the liberty of pursuit as to such a calling is not dependent upon legislative sanction, the authority for its abridgment must rest in some positive and valid legal inhibition."

We not only do not find the "positive inhibition" against the pursuit of the business by others than those appointed or elected, but, as stated, the language used in the act suggests the contrary purpose. It is not to be presumed that any of the provisions of the law are meaningless; the old law will not be held to be repealed except as to pro-

visions in conflict with the new. When we consider the new law in connection with the old, we think it apparent that the Legislature did not intend to change the old law which permitted private or nonofficial weighers to weigh for hire, subject to the provisions of the law, but that it was the purpose of the Legislature in this last legislation to require that all such weighers should comply with all the applicable provisions of the law regulating official weighers, including the giving of the bond required by law of such official weighers. As we have shown, there was only one class of nonofficial weighers who were under the old law required to give bond, and it was doubtless the purpose of the Legislature in this act to require that all such nonofficial persons should give bond; for the passage of the act under emergency is based on the following reasons assigned in section 20 thereof:

"The fact that there is now no adequate law governing public weighers in this state, and the further fact that a great amount of fraud is known to exist in the weighing and measuring of produce in this state, by parties who are under no bond and responsible to no authority that would prevent them from committing fraud, creates an imperative public necessity," etc.

We conclude, therefore, that the appellee had the right to follow the occupation of public weigher, that he was, under the act of 1919, required to give bond before engaging in such business, and that it was the duty of the commissioners' court to approve the bond if it fulfilled the provisions of the law, and it is conceded that it did.

We therefore affirm the judgment of the district court.

---

⚫➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes