## McCRAW et al. v. SEWELL.  (No. 878.)

Court of Civil Appeals of Texas.  Waco.
Sept. 7, 1929.

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellants.
Sam McCorkle, of Mexia, for appellee.

BARCUS, J. Appellee, who was admittedly the duly elected and qualified public weigher of precinct No. 4 in Limestone county, instituted this suit against appellants, J. K. McCraw and Mexia Compress Company, a corporation, to restrain each of them from acting as public weighers in said precinct. The trial court granted a temporary injunction, and on final hearing granted a permanent injunction, restraining McCraw from engaging in the business of public weigher in said precinct and restraining the Mexia Compress Company from weighing any cotton that was raised in precinct No. 4 in Limestone county.

Appellants contend that appellee's petition did not state any ground for an injunction against either of them, and they further contend that under the undisputed facts the trial court was not authorized to grant the injunction either in whole or in part.

■ The facts are undisputed. The Mexia Compress Company is admittedly a public warehouseman and has qualified as such under the terms of articles 5568 and 5569 of the Revised Statutes 1925. As such warehouseman, under the provisions of articles 5570 and subdivision 10 of article 5613 of the Revised Statutes, it is required when cotton is tendered to and accepted by it for storage, to issue a receipt stating the class, weight, grade and condition of same. Chapters 2, 3 and 4, title 93, embracing articles 5568 to 5665 of the Revised Statutes, give in minute detail the requirements of public warehousemen, and how same are to be regulated. Taken in its entirety, it is clearly contemplated that a warehouseman shall not only have the right to, but is required to, weigh all cotton which it takes for storage, giving a uniform warehouse receipt therefor, as provided by article 5613 of said statutes. Chapter 6 of title 93, embracing articles 5680 to 5704, inclusive, Revised Statutes, deals exclusively with public weighers. Article 5680, being the first article in said chapter, defines a public weigher as: "Any person engaged in the business of public weighing for hire, or any person, who shall weigh or measure any commodity, produce or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, produce or article is based." All public weighers are required to comply with the provisions of the statutes. Said article provides specifically, however: "The provisions of this article shall not apply to the owners, managers, agents or employés of any compress or any public warehouse in their operation as a warehouseman." Under the provisions of the statutes above quoted, the Mexia Compress Company is not prohibited from weighing cotton or other commodities tendered to and accepted by it while acting as a warehouseman and in its capacity as such.

■ With reference to the appellant McCraw, the facts show without dispute that he has been duly appointed by the commissioners' court of Limestone county as a public weigher, and has executed the bond and complied with all the requirements of the statutes relating to public weighers. Appellant McCraw is engaged in the business of a public weigher in Mexia, which is located in said precinct No. 4, and uses for said business the scales of the Mexia Compress Company. The question necessary to be determined, in so far as it relates to appellant McCraw, is whether the duly elected and qualified weigh-

er has a monopoly on said business in so far as it relates to weighing for the general public.

Article 5680 above quoted gives the legislative definition of a public weigher. Under the various articles in chapter 6, title 93, of the statutes relating to public weighers, they may be elected or appointed by the Governor or appointed by the commissioners' court, as certain contingencies set forth in the statutes arise. It is not necessary for us to, and we do not attempt to, reconcile the various methods of appointment or election of the public weighers. There is nothing in the statutes which expressly prohibits a private citizen from being a public weigher, except that contained in article 5703 of the Revised Statutes, which provides: "It shall not be lawful for any factor, commission merchant, or other person or persons, to employ any other than a public weigher, or his deputies to weigh cotton, * * * in any city or justice precinct having a public weigher duly qualified." Our courts have uniformly held in construing this statute that it applies only to factors and commission merchants or other person or persons engaged in a like business, and that same does not apply to warehousemen or to private individuals such as the record shows appellants to be. Watts v. State ex rel. Jowers, 61 Tex. 184; Paschal v. Inman, 106 Tex. 128, 157 S. W. 1158, 1159; Hedgepeth v. Hamilton Warehouse Co. (Tex. Civ. App.) 128 S. W. 709; Id., 104 Tex. 496, 140 S. W. 1084; Martin v. Foy (Tex. Civ. App.) 234 S. W. 698; Martin v. Johnson, 11 Tex. Civ. App. 628, 33 S. W. 306; Gray v. Eleazer, 43 Tex. Civ. App. 417, 94 S. W. 911; Whitfield v. Terrell Compress Co., 26 Tex. Civ. App. 235, 62 S. W. 116. In Hedgepeth v. Hamilton Warehouse Co., supra, it was specifically held by the Supreme Court that a warehouse company had the right to weigh cotton for the public and charge therefor, although there was in the same locality a duly elected and qualified public weigher.

In Paschal v. Inman, supra, the Supreme Court stated: "The business of private weighing is a legitimate vocation and falls within those ordinary occupations of life which a citizen is privileged to follow as an inalienable right, subject only to such restraints and limitations as may be imposed in a valid exercise of the police power of the state. Since the liberty of pursuit as to such a calling is not dependent upon legislative sanction, the authority for its abridgment must rest in some positive and valid legal inhibition." In said case the court specifically held that a private citizen had the right to act as a public weigher, although there was in the same locality a duly elected, qualified, and acting public weigher. The opinion in the Paschal v. Inman Case was specifically followed in the case of Martin v. Foy (Tex. Civ.

App.) 234 S. W. 698. The statutes relating to warehousemen and public weighers have not been substantially changed since the opinion was written in Martin v. Foy, supra. Under his pleadings and the admitted facts, appellee is not entitled to any injunctive relief.

The injunction granted by the trial court is in all respects dissolved.

STANFORD, J., took no part.