## FLIPPIN v. MURRAY et al.

### No. 4410.

Court of Civil Appeals of Texas. Texarkana.

Dec. 7, 1933.

Crane & Crane, of Dallas, and Porter & Porter, of Greenville, for appellant.

Emmet Thornton, Ramey & Fanning, and Brim & Spence, all of Sulphur Springs, for appellees.

JOHNSON, Chief Justice.

Appellant, Paul Flippin, on September 22, 1932, filed this suit in the district court of

Hopkins county, Tex., against the commissioners' court of Hopkins county, composed of J. J. Murray, county judge, and Allen Sanders, G. W. Turrentine, Frank Gregg, and J. P. Orr, county commissioners of said county. Appellant by his petition sought the district court to issue its writ of mandamus requiring said county commissioners to approve appellant's official bond and appoint him public weigher in and for justice precinct No. 1 of Hopkins county, Tex. Appellant further alleged in his said petition to the district court that he possessed the prescribed qualifications under the law entitling him to be appointed a public weigher in said precinct, and that he had theretofore presented his bond therefor to said commissioners' court in the penal sum of $2,500, conditioned as required by law, signed by himself as principal and by the Columbia casualty company, as his surety, and had requested said court to approve same. That theretofore, on September 15, 1931, upon a hearing before said commissioners' court, wherein, although he proved conclusively that he was in all respects qualified under the law to engage in the business of public weigher in said precinct, and that the bond tendered by him was solvent, the said commissioners' court had arbitrarily and without legal cause refused to approve his said bond. The district judge set down for hearing appellant's said petition for mandamus September 30, 1932. The defendants answered denying that they had acted arbitrarily in the matter of refusing appellant's bond, and alleging that after a hearing upon the facts they were justified in refusing to approve the same for the reasons assigned and set out in their judgment entered upon denying approval of said bond, which judgment is as follows:

"The Commissioners Court of Hopkins County, Texas, being called in regular session on this, the 16th day of September, 1932, with all members present, the application of Paul Flippin for approval of his bond as public weigher of Precinct No. 1, Hopkins County, Texas, being presented to the Court, came up for consideration and the court after considering the same and hearing evidence thereon, for and against said application, and after considering all of the facts, motion was made by Frank Gregg, Commissioner No. 3, that the Court refuse to approve said bond for the following reasons, to-wit:

"(1) That it was not shown that the bond was a solvent bond and a surety thereon had a permit to do business in Texas.

"(2) That the application was not the application of Paul Flippin, but was the application of the Farmers & Merchants Warehouse and Compress Company.

"(3) That the application was not made in good faith, but in pursuance of a combination and conspiracy in violation of the anti-trust laws of Texas, and that the applicant was not qualified under the law as a public weigher for the reason that he was engaged as the Agent of the persons buying cotton and employed by them to weigh cotton in contravention of the Revised Civil Statutes covering the qualifications of a public weigher.

"(4) That proof further shows that there is no necessity for a public weigher; that the weigher, Joe Tom Wood, Public Weigher of Precinct No. 1, Hopkins County, Texas, has plenty of facilities and sufficient equipment to handle all of the commodities to be weighed in Sulphur Springs, Texas.

"(5) Proof further showed that the applicant would not be weighing for the public, but would be the Agent of the Farmers & Merchants Warehouse and Compress Company on a straight salary, and that all of the charges for weighing would belong to the Farmers & Merchants Warehouse and Compress Company, and that the Farmers & Merchants Warehouse and Compress Company furnished everything to do with the weighing and handling of cotton and received all the compensation paid for weighing under the law, and fixed all charges, tariffs and handling charges and weighing charges, at their discretion, and that they were engaged in buying and selling cotton, and that said weigher would be interested in the buying and selling of cotton and not qualified under Article No. 5684, Revised Civil Statutes of the State of Texas.

"(6) For the further reason that it was admitted by W. A. Brooks, Jr., Vice-President and General Manager of the Farmers & Merchants Warehouse and Compress Company when testifying, that he as Vice-President and General Manager of the Compress Company, had demanded of the elected public weigher in Sulphur Springs, Joe Tom Woods, that he increase his charges 25¢ a bale on all cotton moved out of the cotton yard flat, and to pay that 25¢ a bale to the Farmers & Merchants Warehouse and Compress Company, and that the Farmers & Merchants Warehouse and Compress Company would not weigh city cotton at the Compress and when he, Joe Tom Woods, refused to enter into said agreement, they filed the application of Paul Flippin to be appointed public weigher, which was the reason that they wanted his bond approved and he appointed as public weigher, and that to make said appointment would be in contravention of and against public policy and in violation of the law.

"The said motion was seconded by J. P. Orr, Commissioner of Precinct No. 4, and all commissioners present voting to sustain said motion.

"It is therefore, ordered by the Commissioners Court of Hopkins County, Texas, that said application and bond of said Paul Flippin shall not be approved, and the same is hereby disapproved."

Appellant's special exception to paragraph 4 of the above answer was sustained and said

759

paragraph stricken out; and appellant's exceptions to paragraphs 1, 3, 5, and 6 overruled, to which appellant duly excepted.

The case was tried before the district judge upon the statement of facts taken down and transcribed by the court reporter upon the hearing had before the commissioners' court upon appellant's application to have his bond approved by that court. After due consideration of the facts and the law applicable thereto, the learned trial judge refused to issue the writ of mandamus prayed for by appellant, and he has appealed to this court.

It is the contention of appellant that the action of the commissioners' court in refusing to approve his bond was arbitrary, unsupported by the facts, and without justification in the law, and that he was entitled to a writ of mandamus compelling the commissioners' court to approve his bond.

Our courts in construing the various provisions of law relating to "Markets and Warehouses," title 93, chapter 6, entitled "Public Weigher," and chapter 7 entitled "Weights and Measures," have held that any citizen possessing the prescribed qualifications of, and becoming bonded as, an elected public weigher, may pursue the business of weighing for the public, regardless of whether or not there is a duly elected, qualified, and acting public weigher in the precinct in which he proposes to carry on the business; and any citizen possessing the prescribed qualifications upon executing a proper and sufficient bond and securing its approval by the commissioners' court of the county in which he proposes to act as public weigher is entitled to be appointed public weigher by said court; and it is the duty of the commissioners' court to hear proof of his qualifications and of the sufficiency and solvency of his bond, and, upón proper showing made, to approve his bond and appoint him public weigher. Paschal v. Inman, 106 Tex. 128, 157 S. W. 1158; Martin v. Foy (Tex. Civ. App.) 234 S. W. 698; McCraw v. Sewell (Tex. Civ. App.) 20 S.W.(2d) 235.

We do not find in the record anything from which the inference could be drawn that the commissioners' court acted arbitrarily or that they were prompted by prejudice or improper motives in passing upon appellant's application and bond. It appears that the commissioners' court gave appellant an open hearing, and set out its findings and conclusions from the evidence presented upon which the court based its judgment denying approval of the application and bond. This resolves the question down to appellant's attack on the findings of fact by the commissioners' court and of their sufficiency in law as legal reasons for disapproving the bond. Article 5684, R. C. S. 1925, provides: "No person shall be appointed or elected public weigher unless he is a qualified voter in the city or precinct for which he is appointed or elected and is of a good moral character and unquestioned integrity. He shall have a fair education and be able to keep an accurate set of books as required by this law. No person shall be appointed or elected public weigher, or deputy public weigher, who is interested in the buying or sale of cotton, wool, sugar or grain to be weighed, either as principal, agent, factor, commission merchant or employee."

To hear and determine the facts as to whether or not appellant possessed the qualifications prescribed by the above article of the statutes required on the part of the commissioners' court the exercise of judicial discretion. Under article 5688 the duty is imposed upon the commissioners' court to approve the bond of the public weigher. It is held that the approval or disapproval of the official bond is a judicial act. Rains v. Simpson, 50 Tex. 495, 32 Am. Rep. 609. Mandamus may lie to require the performance of an act involving judicial discretion, but not in a particular manner, that is to say, it will lie to require the exercise of a judicial duty, but will not lie to revise or correct an error in discretion or judgment committed in the performance of such duty. So, in hearing the evidence and determining the facts therefrom, the commissioners' court was exercising a judicial and not a ministerial function upon its hearing of appellant's application and bond, and mandamus will not lie to revise an error, if any, committed in their conclusion and determination of the facts, when no arbitrary abuse of such discretion is shown. Gouhenour v. Anderson, 35 Tex. Civ. App. 569, 81 S. W. 104. We have read the statement of facts and are unable to say that the findings of the commissioners' court are without support in the evidence heard by them. It is argued, however, that, since the commissioners' court has made its findings of fact, it may be assumed that such findings are, in legal effect, equivalent to or not different from, an agreed or undisputed state of facts, and, if the facts so found will not in law constitute a legal reason for disapproving appellant's bond and refusing his appointment, then a mandamus would lie under the authority of Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505. In that case a mandamus was issued requiring M. Sansom, mayor of the city of Alvarado, to order an election upon the application of certain citizens of the city, because there was no controversy or dispute at all about the requisite number of qualified signers of the application and that excess of territory existed, which was the fact entitling the petitioners to the election. And likewise in the case of Martin v. Foy, supra, the facts were agreed that Foy possessed the qualifications prescribed by the statute, and that he had presented a good and sufficient bond, and that

the commissioners' court refused to approve it merely because there was already a duly elected, qualified, and acting public weigher in the precinct. It was there held that such agreed facts did not constitute a legal reason for disapproving Foy's bond and his application to be appointed a public weigher in said precinct, and therefore a writ of mandamus was issued requiring the commissioners' court to approve said bond. However, under such assumption of legal effect in the present case we are confronted with the findings of the commissioners' court, unappealed from and not set aside, which do not show appellant's bond is solvent, or that he is qualified under the statute. Hence, in virtue of such state of facts, we conclude that the district court did not err in refusing appellant the writ of mandamus.

We are not of the opinion that any of appellant's assignments of error can be sustained, and they are respectfully overruled.

The judgment of the trial court is affirmed.