**CULVER v. STATE et al.**

No. 4988.

Court of Civil Appeals of Texas. Texarkana.

June 25, 1936.

F. W. Fischer, of Tyler, and J. A. Stanford, Jr., and R. B. Levy, both of Longview, for plaintiff in error.

Wm. McCraw, Atty. Gen., and Tom D. Rowell, Jr., Marvin Trevathan, and L. H.

**750**

Engelking, Asst. Attys. Gen., for defendants in error.

HALL, Justice.

This is a suit by the state of Texas and the Railroad Commission against George L. Culver, doing business as Culver Refining Company and Linzie Refining Company, for alleged violations of an order of the Railroad Commission of February 15, 1933, which ordered, in substance, that all crude oil produced in East Texas oil field should not be delivered, accepted, transferred, transported, refined, treated, or otherwise handled by any firm, person, or corporation, without first obtaining a tender from the duly authorized agent of the Railroad Commission of Texas; and for alleged violation of an order of the Railroad Commission of April 3, 1934, which ordered that each owner, manager, and operator of each refinery or processing plant, or any one processing crude oil or its products, shall make a daily report to the Railroad Commission giving thereby detailed information of the activities of the said producer, refiner, or processor in connection with the handling of said oil, and to show the source of the oil and disposition made of same. The defendants in error alleged certain dates on which the plaintiff in error violated the above rules, and sought recovery of penalties for each day's violation.

Trial was before the court without a jury, and resulted in a judgment in favor of the state of Texas in the sum of $23,-000, being for 4 days' violation with penalty of $500 for each day, and 84 days' violation with penalty of $250 per day. From this judgment plaintiff in error prosecutes his appeal to this court.

Plaintiff in error's second proposition is: "Since a suit in behalf of the State of Texas for fines, forfeitures, and penalties for the violation of the rules, regulations, and orders of an administrative body is in effect a criminal suit and by its very nature a criminal action, it is necessary for the State to charge such violations of the rules, regulations, and orders of its administrative body in a definite, clear, and concise manner and with such a degree of certainty that the defendant will be fully apprised of the acts with which he is charged; and since plaintiffs' petition lacks definiteness and certainty and nowhere charges, with that degree of certainty as is required in an indictment in a criminal

case, the county in which the defendant violated the rules, regulations, and orders of the Railroad Commission, the court erred in overruling defendant's general demurrer to plaintiffs' petition."

An investigation of defendant in error's petition reveals the correctness of plaintiff in error's contention in respect to the want in certainty in the allegations fixing the venue in Gregg county.

This case is based upon the same pleadings as the case of Johnson Refinery v. State et al., reported in 85 S.W.(2d) 948, 950, by the El Paso Court of Civil Appeals. In that case Justice Walthall, passing upon a similar proposition having to do with a petition identical with the one in the case at bar, had the following to say:

"In actions to recover penalties, strictness of pleading and proof is required. Hedgepeth v. Hamilton Warehouse Co., 104 Tex. 496, 140 S.W. 1084. The facts constituting the offense must be averred with the same certainty as would be required in a bill of indictment. Mere inference will not aid the allegations. 25 C.J. § 112, p. 1197; State v. Williams, 8 Tex. 255, 265; Dorrance & Co. v. International, etc., R. Co., 53 Tex.Civ.App. 460, 126 S.W. 694; Kansas City, etc., R. Co. v. Cole (Tex.Civ.App.) 149 S.W. 753; Missouri, etc., R. Co. v. Harrell Gin Co. (Tex.Civ.App.) 187 S.W. 376.

"In Redus v. Blucher (Tex.Civ.App.) 207 S.W. 613, Chief Justice Fly said: 'It is the settled law in Texas that the petition in a case in which penalties are sought to be recovered should state all the statutory requirements with the same degree of certainty as is required in an indictment in a criminal case. (Citing authorities.) There can be no doubt that an allegation of venue is essentially necessary when it is sought by a bill of indictment to charge a person with a crime, and, if such allegation be necessary in a suit for a penalty, then the petition in question was subject to general demurrer because there is no allegation as to where the land, which was surveyed, was situated, nor where the excessive fees were demanded and received.'

"Under article 6036, R.S., as amended by chapter 26, § 3, Acts 42d Leg. 1931, 1st Called Sess., p. 46, the venue in actions to recover penalties for violation of the rules, regulations, and orders of the commission such as here involved, is fixed

'in the county in which the violation occurs.'

"In support of the venue of this suit in Gregg county, counsel for appellees refer to this allegation of the petition: '* * * during all the time herein mentioned, in addition to the other activities herein set out, defendant was engaged in the refining business at Kilgore, Gregg County, Texas, and has daily refined or processed crude oil, and has failed and refused and still fails and refuses to comply with said orders of the Railroad Commission of Texas, dated September 29, 1932, as readopted on March 12, 1934, after the passage of said House Bill 99, and the signing of same by the governor, and filing with the Secretary of State on March 9, 1934, and said order of April 3, 1934, and on the following date to-wit: March 9, 1934, to June 14, 1934, all days inclusive, the defendant particularly and specifically failed to file any daily report with the oil and gas division of the Railroad Commission, showing among other things, the amount of oil purchased each day and from whom purchased, and showing the amount of oil sold each day and from whom purchased, and showing the amount of oil sold each day and/or run to stills and processed each day and has further failed and refused and still fails and refuses to file a monthly report, giving a recapitulation of said daily data and report, all of which is required by the order of September 29, 1932, as readopted on March 12, 1934, and said order of April 3, 1934.'

"It may reasonably be inferred from these allegations that in the operation of the refinery at Kilgore in Gregg county the defendant violated the orders mentioned, but under the authorities cited above the venue must be specifically alleged and not left to mere inference. The petition was demurrable for want of certainty in the allegation fixing the venue in Gregg county."

We are of the opinion that the Johnson Case, cited above, is conclusive of the question raised here, and that the petition of the defendant in error was subject to a general demurrer.

All other assignments brought forward by plaintiff in error are respectfully overruled.

The judgment is reversed, and the cause is remanded.