## GORDON v. BUSICK.
### No. 11877.

Court of Civil Appeals of Texas. Galveston.
June 5, 1947.

Julian A. Weslow and Aaron Goldfarb, both of Houston, for appellant.

Hessel, Bender, Goldberg & Schulman, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Jack Busick, for the recovery of overcharges alleged to have been paid by him to appellant, A. H. Gordon, in the purchase of an automobile, which were alleged to have been in excess of the maximum price permitted by the regulations of the OPA, and for penalties and an attorney's fee.

Appellee alleged that he had purchased a Ford automobile from appellant for the sum of $1,350 including a trade-in allowance of $550 for his car; that the ceiling price of the automobile purchased by him was $918, and that he had paid appellant the sum of $432 in excess of the stipulated ceiling price.

In answer to one special issue submitted, the jury found that Henry Womack had sold a 1940 model Ford automobile to appellee, Jack Busick, for a consideration of $1,350. Judgment was rendered by the

trial court that appellee recover from appellant the sum of $457, with interest and costs of suit.

Appellant contends that there was no evidence in the record to support the verdict of the jury that appellee paid the sum of $1,350 for said automobile, for the alleged reason that there was no evidence as to the reasonable market value of the automobile traded in by appellee, and no evidence that appellant had received any sum for said automobile in excess of the stipulated ceiling price thereof.

It was stipulated by the parties that the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., was in effect at all times material to this appeal; that it applied to the sale of used automobiles by dealers and individuals, and that at the time of the purchase of said automobile by appellee the sum of $918 was the highest price at which it might have been legally sold by a dealer under said regulations. Appellant was a dealer in used automobiles and Henry Womack, who made the sale of said automobile to appellee, was employed by appellant as a salesman.

■ It is a well established rule in this state that, in actions brought to recover penalties, the facts relied upon for recovery must be averred with the same certainty as would be required in a bill of indictment in a criminal case and that, to authorize recovery thereon, strict proof of the necessary facts is required. Culver v. State et al., Tex.Civ.App., 95 S.W.2d 749, and the authorities there cited.

■ It is also an established rule that the Statutes imposing penalties are not only subject to the rule of strict construction, but that they will not be construed to include anything beyond their letter even though within their spirit. Volume 21, Ruling Case Law, page 209.

■ In the instant case the burden was upon appellee to establish the principal issue made by the pleadings, the fact that appellant sold the automobile in question to appellee for a sum in excess of the ceiling price and that he thereby violated a regulation of the OPA.

The record reflects that on the trial of the case, appellee testified that Henry Womack had offered to sell him said automobile for the sum of $1,350, and that when he asked Womack what price he would be allowed in trade for his old car, Womack stated that he would sell him the automobile in question for the sum of $800 and his old car. There is no evidence in the record as to the price appellant received for the automobile purchased by appellee, outside of the evidence that he was paid therefor the sum of $800 in installments and that he received appellee's automobile as part of the consideration therefor. There is no evidence in the record as to the reasonable market value of appellee's automobile.

In order to fix the amount paid for the automobile in question and to determine the amount of an overcharge, if any, it would have been necessary to have either established the reasonable market value of the traded-in car or the fact that there had been an agreed valuation thereof by the parties at the time of the sale.

■ Section 205(e) of the Emergency Price Control Act prohibits the sale of an automobile of a type similar to the one purchased by appellant for a sum in excess of the price established by the regulations of the OPA. A mere offer to sell an automobile for more than the fixed price is not sufficient to sustain recovery in a cause of action brought under the Act. In order to sustain the recovery against appellant in this case the burden was upon appellee to establish the fact that appellant had received the sum of $1,350, or the equivalent thereof, in the purchase of said automobile, and since there is no evidence in the record as to the reasonable market value of the traded-in automobile, and no basis upon which to establish that appellant received that sum, or any fixed price in excess of the ceiling price for said automobile, the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.